## BOURLAND v. MADILL STATE BANK *et al.*

No. 1679. Opinion Filed May 14, 1912.

(124 Pac. 314.)

1. **PARTIES—Defective Parties.** A petition which shows a mere misjoinder of parties defendant, or a mere excess of parties defendant, is not subject to demurrer for defect of parties under section 5629, Comp. Laws 1909.

2. **PLEADING—Election Between Counts.** Where a petition alleges that plaintiff had deposited a certain note ($500) for collection in defendant bank, and that said note was secured by chattel mortgage, which said bank in the contract to collect agreed to keep in force, and alleges that defendant bank negligently allowed said mortgage to expire, thereby depriving plaintiff of his security, and further alleges that said bank had neglected and failed and refused to apply certain deposits made in said bank by the maker of said note to be applied in payment of same, but had applied said deposits to their own uses, and that by reason of such negligence in allowing said mortgage to expire and in failing to apply said deposits in payment of said note plaintiff had been damaged in the sum of $500, **held**, it was error for the court to require plaintiff to elect upon which theory he would rely for recovery.

(Syllabus by Harrison, C.)

*Error from Marshall County Court;*
*J. W. Falkner, Judge.*

Action by Henry Bourland against the Madill State Bank and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

This suit was filed by Henry Bourland June 14, 1909, against the Madill State Bank as successor to the Madill National Bank, and John L. Derrick, W. S. Derrick, and J. D. Arbuckle as trustees of the Madill National Bank for the recovery of $500 al-

leged to be due plaintiff by reason of defendant's negligence in failing to collect a $500 note due to plaintiff from one R. J. Wheeler, and alleging that said note had been deposited for collection with the Madill National Bank, and that said bank took said note for collection. That said note was secured by chattel mortgage which was also deposited with said bank under agreement between plaintiff and said bank that said mortgage be filed with the register of deeds, and that said bank would keep same renewed as required by law to keep it in force, and alleging further that said bank failed to collect said note as it had promised to do, and failed to renew said mortgage as it had promised to do, but allowed said mortgage to expire, and, after said mortgage had expired, the bank sold the mortgaged property under execution to satisfy a debt due to the bank from the said R. J. Wheeler.

The petition further alleged that subsequent thereto the said R. J. Wheeler deposited in said bank the sum of $500 to be applied on the payment of plaintiff's note. That said bank refused and failed to apply said money to the payment of the plaintiff's note, but instead thereof applied same to its own use and benefit.

The petition alleged further that the said W. S. Derrick and J. D. Arbuckle and John L. Derrick were respectively president, vice president, and cashier of the Madill National Bank, and occupied the same respective positions as officers of the Madill State Bank. That the Madill State Bank succeeded to the assets and liabilities of the Madill National Bank, and that the officers of the Madill State Bank as officers of the Madill National Bank were trustees of the assets and liabilities of said national bank.

Defendant demurred to the petition, first, because the petition failed to state a cause of action; second, because of misjoinder of parties defendant; third, because the court was without jurisdiction. The demurrer was overruled as to the first and third grounds but sustained as to the second, plaintiff excepting to the court's ruling and conforming thereto, dismissed as to John L. Derrick, W. S. Derrick, and J. D. Arbuckle, proceeding against the Madill State Bank as successor of the Madill Na-

tional Bank.  Thereupon defendant answered by general denial. At the trial of the cause defendant moved that plaintiff be required to elect upon which count he would rely.  The court sustaining such motion required plaintiff to elect whether he would proceed against defendant for negligently allowing the chattel mortgage to expire, or for failure to apply the $500 alleged to have been deposited by Wheeler in payment of said note.  Plaintiff excepted to this ruling, but, conforming to same, elected to stand on the second count in his petition and proceeded against defendant bank for failure to apply the alleged $500 on said note. In October, 1909, the cause was tried resulting in a verdict in favor of defendant.

Motion for new trial being presented and overruled and exceptions taken by plaintiff, judgment being rendered in favor of defendant by the court, plaintiff appeals here for a review of said judgment, assigning:  First, that the court erred in sustaining the demurrer to the petition as to misjoinder of parties; second, that the court erred in sustaining the motion of defendant compelling plaintiff to elect on which count he would go to the jury; third, the court erred in overruling the motion of plaintiff for a new trial.

*L. G. Shelton,* for plaintiff in error.

*Summers Hardy* and *William M. Franklin,* for defendants in error.

Opinion by HARRISON, C. (after stating the facts as above).  The first assignment of error, we think, is meritorious. While the petition is not sufficiently specific, definite, and certain in its statement of a cause of action against W. S. Derrick, J. D. Arbuckle, and John L. Derrick, as trustees of the Madill National Bank, nor is it sufficiently definite and certain as to whether plaintiff seeks to proceed against said parties individually or in the capacity of trustees, nor is it specific as to whether the note in question was rendered uncollectible by reason of the alleged negligence, but for the purposes of this question it does not matter upon which theory plaintiff proceeded.  There

was not a defect of parties defendant as contemplated by statute (section 5629, Comp. Laws 1909) because the mere misjoinder of parties defendant is not a ground of demurrer. *Stiles v. City of Guthrie,* 3 Okla. 26, 41 Pac. 383; *Winfield Town Co. v. Maris,* 11 Kan. 128; *McKee v. Eaton,* 26 Kan. 226.

If plaintiff sought to proceed against said parties individually, or sought to join them as individuals, in such case if there was a misjoinder, it was a mere excess of parties and not a defect of parties defendant as contemplated by statute, and it was error to sustain the demurrer on that ground. However, if plaintiff sought to proceed on this theory, such error would be harmless. But, if on the theory of holding said parties jointly liable as trustees of the national bank with the Madill State Bank, then there was no improper joinder, and plaintiff was deprived of a substantial right by the sustaining of the demurrer. While the petition, as stated above, is not sufficiently specific as to which theory plaintiff proceeds upon, yet we think the allegations contained in the petition are sufficient to warrant the conclusion that plaintiff sought to proceed on the latter theory.

One paragraph of the petition is as follows:

"And further alleges that the defendants W. S. Derrick, J. D. Arbuckle and John L. Derrick were the managing officers of the Madill National Bank and as such are liable as trustees under the law to the creditors of the said Madill National Bank, now in liquidation."

The petition also alleges:

"That the Madill State Bank is the successor to the Madill National Bank and liable for its debts, having received the assets of the same, and that it has the same officers, the same place of business, and in fact is a continuation of the old corporation in another name."

If these allegations be true, we think there was no improper joinder of parties defendant, and that the material defect in the petition consisted in its not being sufficiently definite and certain.

As to the second assignment, we think the court erred in sustaining the motion compelling plaintiff to elect on which count he would proceed. Plaintiff's cause of action here, if he had a cause of action, consisted in defendant's failure to collect on plaintiff's

note. Plaintiff alleged, not two distinct causes of action, but two distinct acts of negligence by which plaintiff was deprived of the value of his note. Plaintiff did not ask for double relief. He merely asked for the face value of his note. This was not an improper joinder of causes of action. If defendant was liable for any amount because of any negligence, it was the face value of the note, provided the note was rendered worthless by reason of defendant's negligence, and it was error to deprive plaintiff of part of his cause of action and force him to proceed upon only a part. It is the policy of the law to assist the injured party in the redress of his wrongs rather than to shield the transgressor in his wrongdoing, considering always that the burden is on the complainant to prove his injuries.

It is contended, however, by defendants in error that plaintiff's petition stated no cause of action against the Madill State Bank, for that the Madill National Bank at the time of the institution of this action was in course of liquidation, and the cause of action, if there was any cause of action, was against the Madill National Bank, and not against the Madill State Bank. That the Madill State Bank was not successor to the national bank or a continuation of the same institution under a different name, but was a mere purchaser of the assets of said national bank without assuming any liabilities of said bank. As to whether this contention is correct, it is impossible to determine from the record. The testimony taken at the trial fails to show whether the Madill National Bank was converted into the Madill State Bank, or whether it only entered into voluntary liquidation, and that the Madill State Bank was a mere purchaser of the assets of such national bank. There is a stipulation between the parties as to the facts, but such stipulation fails to disclose facts which would enable us to determine whether the one or the other proposition is true. The case was tried on the theory of a conversion of the national bank into a state bank, and the court instructed the jury on this theory, which instruction was not excepted to by either party to the action, and, while we concede that this question might materially affect a determination of this cause, yet, as

we are unable to say from the record which theory is correct, we shall refrain from deciding this point.

We believe, however, for the reasons herein given, that the plaintiff was deprived of substantial rights in the trial, and that the judgment should be reversed, and the cause remanded.

By the Court: It is so ordered.