## NANNIE GOULD, Respondent, v. JAMES H. GIBSON, Defendant, W. B. AND N. E. WINDLE, Garnishees, Appellants.

### Springfield Court of Appeals, May 12, 1914.

1. **GARNISHMENT: Answer: Sufficiency.** An answer by plaintiff in garnishment reviewed and considered sufficient to advise the garnishee of the issues.

2. **DIVORCE: Alimony: Judgment of Another State.** In an action by the wife for unpaid portion of alimony allowed her by a court in Kansas, the petition alleged that defendant had paid only a small portion of the alimony, that he had secretly and fraudulently conveyed his property, had been away from Kansas for several years and had contributed nothing for the support of the children. These allegations justified a circuit court of this State, in which suit was brought, in inquiring into all of the facts and circumstances relative to the duty of the defendant under the laws and judgment of Kansas to support and maintain the children, regardless of the fact that their custody had been awarded to the mother.

3. **DEFRAUDING CREDITORS: Fraudulent Conveyance: Garnisment.** In a garnishment proceeding, evidence reviewed and considered sufficient to establish a fraudulent conveyance to garnishees by judgment debtor and judgment against garnishees in favor of judgment creditor is sustained.

Appeal from Jasper County Circuit Court, Division Number One.—*Hon. Jos. D. Perkins,* Judge.

AFFIRMED.

*Walden & Andrews* for appellant.

(1) Fraud can never be presumed, it must be proven; and the burden is on him who alleges a transaction to be fraudulent to clearly prove it by substantial evidence. Robinson v. Dryden, 118 Mo. 534; Garesche v. McDonald, 103 Mo. 1; Webb v. Darby, 94 Mo. 621; Chapman v. McIlwrath, 77 Mo. 38; Page v. Dixon, 59 Mo. 43; Hoeller v. Haffner, 155 Mo. 589. (2) To render a conveyance void as to creditors, on the ground that it was made on the intent to fraud them, the grantee must have knowledge of, and participated in the fraud of the grantor. Henderson v. Henderson, 55 Mo. 534; Stevens Lumber Co. v. Planing Mill Co., 59 Mo. App. 373; Gens v. Hargadene, 45 Mo. App. 338. (3) The plaintiff in execution to recover must prove the indebtedness in the same manner as the defendant would be compelled to do had he sued the garnishee. Karnes v. Pritchard, 36 Mo. 135. (4) Garnishment proceedings cannot be based upon a void judgment. France v. Evans, 90 Mo. 74; Chicago Herald v. Bryan, 195 Mo. 590.

*Fred B. Wheeler* and *John B. Cole* for respondent.

(1) Possession to follow sale of goods and chattels. R. S. 1909, Sec. 2887; McIntock v. Smiley, 107 Mo. 377; Bishop v. O'Connell, 56 Mo. 158; Wright v. McCorick, 67 Mo. 426; Halderman v. Stillington, 63 Mo. App. 212. (2) The court had jurisdiction as to the subject of the action and as to the person of defendant; and the petition having stated a cause of action, the judgment by a court of general jurisdiction was good against collateral attack by garnishee or any one else. Reed v. Nicholson, 158 Mo. 624; Posthlewaite v. Ghiselin, 97 Mo. 420; See also 23 Cyc. page 1071 under subdivision B and note 7; Knoll v. Woelken, 13 Mo. App. 275. (3) In the case of a judgment rendered by a domestic court of general or superior jurisdiction,

which is attacked in a collateral proceedings, there is a presumption, which can only be overcome by positive proof, that it had the jurisdiction both of the persons and the subject-matter, and proceeded in the due exercise of that jurisdiction. Talbot v. Roe, 171 Mo. 421, 71 S. W. 682; Hamer v. Cook, 118 Mo. 83; McGirk v. Clauvin, 3 Mo. 236; Wise v. Loring, 54 Mo. App. 258; Kincaid v. Storz, 52 Mo. App. 564. (4) A judgment cannot be impeached collaterally on account of any defects in the pleadings. Leonox v. Clark, 52 Mo. 115; Ellis v. Jones, 51 Mo. 180; Dollarhide v. Parks, 92 Mo. 178.

ROBERTSON, P. J.—Plaintiff obtained a divorce from the defendant in the district court of Kansas, the custody of the children and a judgment for alimony, and also an allowance of $300 per year to be paid by the defendant to the clerk of the court. A portion of this allowance remaining unpaid, she brought suit thereon in the circuit court of Jasper county in this State and obtained judgment for $1150. Execution was issued and on November 3, 1910, the garnishees were served with summons and at the January term, 1911, within the time required by law plaintiff filed and exhibited her interrogatories, to which the garnishees answered that they neither owed the defendant anything nor had in their possession any of his property. They also alleged in their answer, evidently anticipating trouble, that the judgment on which the execution issued was void and had been satisfied. To this answer the plaintiff filed a denial setting up that they had certain property in their possession belonging to the defendant, consisting of horses, buggies, harness and other property of the value of $2000, which had been fraudulently conveyed and delivered to them for the purpose and with the intent on the part of the garnishees and the defendant of hindering and delaying the plaintiff in the collection of her claim.

A jury was waived and the issues thus made were submitted to the court, resulting in a judgment for the plaintiff, from which the garnishees have appealed.

The appellants urge upon us that the denial filed by the plaintiff to the answer to the interrogatories is insufficient to advise garnishees of the particular issues of fact which they were expected to meet. This point we rule against the appellants for the reason that the denial is full and explicit as to the charge above noted, the plaintiff itemizing and descrbing in detail each piece of property which she claimed that the defendant had fraudulently conveyed to the garnishees.

The garnishees are also insisting here that the judgment of the circuit court based on the Kansas judgment is void, for the reason that the Jasper county circuit court had no jurisdiction to enter judgment thereon. The Kansas judgment relative to the amount required to be paid by the defendant for the support and maintenance of the children required that it be paid to the clerk of the district court where the judgment was rendered, and required it to be paid in quarterly installments, aggregating the sum of $300 per year. A sufficient length of time had elapsed when the Jasper county judgment was entered to equal the sum then therein found due under the Kansas judgment.

The allegations of the plaintiff in her petition filed in the Jasper county circuit court were to the effect that the defendant had paid only a small portion of the allowance for the children, that he had secreted and fraudulently conveyed his property, that he had been out of the State of Kansas for several years and that during that time he had contributed nothing to the support of the children. The allegations of the plaintiff's petition were such as to justify the Jasper county circuit court in inquiring into all of the facts and circumstances relative to the duty of the defendant under the laws of Kansas to support and main-

tain the children, irrespective of the fact that their custody was awarded to the mother; and we must presume, in the absence of proof, that it was found that such an amount as is stated in the judgment was legally due the plaintiff. The fact that the judgment of the district court of Kansas provided that the money should be paid to the clerk of the district court, the defendant having left the State and failing to provide for his children, could not deprive the plaintiff of her right to resort to the only other available method of enforcing this support by coming into this jurisdiction, setting up the facts and obtaining a judgment here for the amount due her.

The testimony tends to prove that the garnishees and the defendant had been acquaintances for a number of years, that the defendant had worked for garnishees several times and that shortly before the service of the summons upon the garnishees in this case they claim to have purchased a livery stock from the defendant a few blocks from the palce where garnishees were engaged in a similar business and that the stock so claimed to have been purchased from defendant was left at the same place in charge of the defendant. The testimony as to the actual transaction which resulted in the purchase of the property by the garnishees, as they claim, furnishes many suspicious circumstances and sufficient evidence to justify the holding of the trial court. Shortly prior to this alleged sale to garnishees the defendant had given a man named Thompson a chattel mortgage ostensibly to secure $1050, but, as disclosed by some of the testimony, for the express purpose on his part of covering up the property and defrauding his wife. When the garnishees claim to have purchased this property they say they paid $500 *in cash* and took into consideration some property and certain indebtedness of the defendant to them, although neither they nor the defendant were able to

give any satisfactory explanation as to the amount which the defendant owed them. Neither did they manifest any concern as to the chattel mortgage held by Thompson, nor make any definite arrangements for its release, and, so far as the record discloses, it has not yet been released. The testimony also tended strongly to prove that the value of the property so claimed to be purchased by garnishees of defendant was almost, if not quite, $2000.

A great deal more might be said of the transaction between the garnishees and the defendant, but sufficient has been disclosed to justify our refusal to disturb the holding of the trial court. The judgment is affirmed. *Sturgis* and *Farrington, JJ.,* concur.