GRAY et al. v. MARTIN.

No. 34317.    March 11, 1952.

*242 P. 2d 698.*

R. R. Linker, Tulsa, for plaintiffs in error.

Thomas A. Landrith, Jr., and Gladys E. Friel, Tulsa, for defendant in error.

PER CURIAM. This action was commenced by Grady Martin, hereinafter referred to as plaintiff, against Tom Gray, doing business as Tom Gray Nash, Pacific Finance Corporation of California, a corporation, General Adjustment Bureau, a corporation, and others, defendants in the court below, for damages for conversion of a certain automobile.

The plaintiff had filed suit against one George Summery in the court of common pleas of Tulsa county, Oklahoma, on February 7, 1948, and on the same day had caused an attachment to be issued and levied upon the automobile in question, the attached property being delivered by the sheriff into the hands of Tom Gray as custodian. Thereafter, on April 19, 1948, the plaintiff recovered judgment against the said George Summery in which the attachment was sustained, the automobile ordered sold, and the proceeds of the sale applied to payment of the judgment and costs.

On April 20, 1948, and before the issuance of an order of sale, the defendant General Adjustment Bureau, acting for the defendant Pacific Finance Corporation, went to the place of business of Tom Gray, requested and received delivery of the automobile, and thereafter, on April 21, 1948, sold the same to other defendants in the lower court who are not parties to this appeal.

The repossession and sale of the automobile were effected by virtue of a conditional sales contract dated the 23rd day of December, 1947, entered into between George Summery and one Honest John and assigned to the defendant Pacific Finance Corporation. The conditional sales contract and assignment were entered into in the State of California, where the property was at the time situated. They were never recorded or filed for record either in California or in Oklahoma.

On trial in the lower court of the case now under consideration the plaintiff recovered a judgment against the appealing defendants for conversion of the automobile which had been taken and sold under the terms of the conditional sales contract. The defendant in error, plaintiff below, in his brief states that the judgment of the trial court was based upon its holding that as between the vendor in a conditional sales contract, entered into in California, but never recorded in California or in Oklahoma, and a judgment creditor who has obtained ant attachment after removal of the property to this state, the judgment creditor must prevail. Plaintiff relies upon this theory.

The defendants, on the other hand, contend that the laws of California do not provide for the recording or filing of a conditional sales contract and when this property was brought into Oklahoma the vendor was allowed 120 days thereafter, under the Oklahoma statutes, within which to file the conditional sales contract in this state and so preserve the lien. The defendant

pleaded that a certain California statute alleged to be section 2980 of the Civil Code of California provided as follows:

"Conditional sales contracts need not be recorded except where they relate to live stock or animate objects or mining machinery. As against bona fide purchasers and encumbrancers and those without acutal knowledge who become creditors of the buyer said accepted conditional sales contract becomes void as to the interest of the seller after four years from the last recording thereof."

In order to preserve the lien of a conditional sales contract, where the property is brought from another state into Oklahoma, it is necessary that the requirements of the laws of the state where the property was located when the contract was entered into shall have been complied with, as to recording, registration or other method of preserving the priority of the lien, and thereafter, when the personal property has been brought into Oklahoma, that the provisions of our statute shall have been followed. New v. Malone, 199 Okla. 639, 189 P. 2d 177. As before referred to, one alleged section of the California Civil Code was pleaded. This section, as alleged in the pleadings, provided that conditional sales contracts need not be recorded except in certain instances not here pertinent. The defendants also pleaded section 2981 of the Code, containing certain definitions, and section 2982 dealing with the contents and execution of conditional sales contracts for the sale of motor vehicles.

Neither of these sections nor section 2980, supra, provided for filing or registration of the conditional sales contract nor for any other entry in a public record whereby interested third persons might be advised of the fact that the title was conditional or a lien reserved.

An examination of the Vehicle Code of California, sections 195, 196 and 197, discloses that a system of endorsing the existence of a lien or reservation of legal title upon the registration certificate is provided for and that the deposit of a certified copy of the mortgage with the department, together with the department, together with registration of the mortgagee as the legal owner, is constructive notice to subsequent purchasers and encumbrancers.

The three sections are as follows:

"Section 195. No chattel mortgage on any vehicle registered hereunder irrespective of whether such registration was effected prior or subsequent to the execution of such mortgage, is valid as against creditors or subsequent purchasers or encumbrancers until the mortgagee or his successor or assignee has deposited with the department, at its office in Sacramento, a copy of said mortgage with an attached certificate of a notary public stating that the same is a true and correct copy of the original, accompanied by a properly endorsed certificate or ownership to the vehicle described in said mortgage if said vehicle is then registered hereunder, or if said vehicle is not so registered, by an application in usual form for an original registration, together with an application for registration as legal owner, and upon payment of the fees as provided in this code. The department in accepting the mortgage for deposit, or in registering the mortgagee, his successor or assignee as legal owner, shall not be required to examine the mortgage or determine the genuineness, regularity or legal sufficiency thereof.

"Section 196. When the chattel mortgagee, his successor or assignee, has deposited with the department a copy of the chattel mortgage as provided in section 195 hereof, such deposit constitutes constructive notice of said mortgage and its contents to creditors and subsequent purchasers and encumbrancers but such mortgaged vehicle shall be subject to a lien as provided in Division VII hereof.

"Section 197. Upon the deposit of any such chattel mortgage and application for registration and upon the payment of the fees as provided in this code, the department shall register the mortgagee, his successor or assignee as legal owner in the manner pro-

vided for the registration of motor vehicles under the provisions of this act."

These latter sections of the California statutes are not pleaded and it will be noted that the sections which were pleaded were not proven in the manner provided by our statute relating thereto. That method is provided by 12 Okla. Stats. 1941 §484, but there was no attempt to make such proof.

The court held in Hinds v. Atlas Acceptance Corp., 178 Okla. 474, 63 P. 2d 29, that the statutes of another state when relied upon, must be pleaded *and proven* and in the absence of such pleading and proof the law of the sister state will be presumed to be the same as the laws of this state. To the same effect are Allen v. Allen, 201 Okla. 442, 209 P. 2d 172; Kennedy v. Chadwell, 193 Okla. 304, 142 P. 2d 979. The defendants in the court below relying upon the laws of California in conjunction with those of this state to preserve the lien of the conditional sales contract against the attaching creditor in Oklahoma, it was incumbent upon them not only to allege the foreign statute but to prove it as well, before they could take advantage of it.

Having failed to do so, the assumption would follow that the California law required the conditional sales contract to be filed in the office of the county clerk of the county in which the property was situate when the contract was entered into. 60 O. S. 1941 §318. There is no proof of such filing. And having independently investigated the California law and found that the requirement necessary to be complied with in order to preserve the lien was to deposit a certified copy of the mortgage with the department and to have the mortgagee registered as the legal owner, we note that no proof was made by the defendants of compliance with such law.

Therefore, so far as the evidence shows, nothing had been done to give constructive notice to the public of the rights of the defendant Pacific Finance Corporation under the conditional sales contract assigned to it by Honest John, and under such circumstances it follows that the attachment levied by the plaintiff took precedence over the conditional sales contract.

For the reasons hereinabove stated, the judgment of the trial court is affirmed.

This court acknowledges the services of Attorneys L. W. Randolph, C. A. Ambrister, and C. A. Moon, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by this Court.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.