ROTAN MOTOR CO. v. FARMERS & MERCHANTS STATE BANK OF VALLEY CENTER, KAN.

No. 34327. Sept. 23, 1952.

Rehearing Denied Oct. 21, 1952.

*249 P. 2d 125.*

272

Washington & Thompson, by Paul Washington, Oklahoma City, for plaintiff in error.

Hays & Powers, by LeRoy Powers, Oklahoma City, for defendant in error.

HALLEY, V.C.J. The Farmers & Merchants State Bank of Valley Center, Kansas, commenced this action against W. D. Cameron for the replevin of a Hudson automobile alleged to be in his possession and wrongfully withheld from the Bank, which held a mortgage upon said automobile to secure payment of a note for $1,900, then delinquent. It was alleged that Esther M. Kahre had executed the note and mortgage to the Bank on April 18, 1947, in Kansas, and, with the consent of the Bank, and removed the car to Oklahoma county, Oklahoma, where the mortgage had been filed in the office of the county clerk.

The Bank was unable to locate the car in Oklahoma county, but learned that it had been sold to Rotan Motor Company, a partnership composed of D. B. and R. B. Rotan. On January 6, 1948, an order was entered making Rotan Motor Company an additional party defendant. On January 8, 1948, an amended petition was filed by the Bank setting up three separate causes of action: replevin, conversion, and damages for conspiracy and fraud.

Rotan Motor Company filed an answer to the amended petition. In addition to a general denial, it alleged that it had purchased the car from J. M. Woltz, the husband of Esther M. Kahre, alleged to be acting as her agent, and that it had paid a note of Esther M. Kahre to the First National Bank & Trust Company of Oklahoma City and had paid the balance of the purchase price to J. M. Woltz, and that, having accepted the benefits of the sale, Esther M. Kahre was estopped from denying its validity.

The evidence was submitted to the court, and Rotan Motor Company moved the court that plaintiff be required to elect which of its three causes of action it would stand upon, and demurred to the petition. The court overruled the motion and demurrer until all the evidence was in, and at the conclusion of the evidence the Bank dismissed its case as to W. D. Cameron and also dismissed its first and third causes of action, leaving only the second cause of action, conversion. The court rendered judgment for the Bank for $1,600, with interest from August 20, 1947, and costs. Rotan Motor Company has appealed.

In order to understand the issues involved, the following unusual facts are deemed pertinent: Esther M. Kahre and J. M. Woltz were husband and wife in April, 1947, when the car here involved was purchased in Kansas. Title was taken in the maiden name of Esther M. Kahre, because of certain financial difficulties of her husband. She executed a note and mortgage to the Bank and secured permission from the Bank to bring the car to Oklahoma county, Oklahoma. The mortgage was not filed in Kansas, but was filed with the county clerk of Oklahoma county on May 21, 1947. On May 15, 1947, Esther M. Kahre secured an Oklahoma certificate of title and automobile license. When the note became due and unpaid, the Bank wrote several letters requesting payment.

On May 27, 1947, Esther M. Kahre and her husband, J. M. Woltz, appear to have borrowed money from the P & E. Finance Co. of Oklahoma City, giving a note and mortgage on the car in question.

On July 1, 1947, a note for $875 was executed to the First National Bank & Trust Company of Oklahoma City, signed by Esther M. Kahre and J. M. Woltz. Esther M. Kahre denied that she signed the note and mortgage, and the court found that her signature thereto had been forged.

On August 20, 1947, Rotan Motor Company took an assignment of title to the car, paid the note due the First National Bank & Trust Company, and gave J. M. Woltz a check for the balance of the purchase price, payable to himself. His wife denied that she had signed the transfer of title, and the court found that her signature again had been forged.

On August 27, 1947, Rotan Motor Company assigned title to the car to W. D. Cameron. Esther M. Kahre testified that she became suspicious that the car had been sold and so notified the mortgagee bank in Kansas. The Bank sent a representative to Oklahoma, who was unable to locate the car, and upon learning that title stood in the name of W. D. Cameron filed this action in replevin. When W. D. Cameron learned that the Bank was about to file this action, he took the car back to Rotan Motor Company and was refunded the purchase price. He transferred title back to Rotan Motor Company on October 22, 1947. This action was filed on October 23, 1947.

When the representative of the Bank came to Oklahoma City, he went to see Esther M. Kahre, and someone informed them that the car had been sold to "a used car dealer on Sixth Street." They went together to look for the car, and upon inquiring at Rotan Motor Company were finally advised that Rotan Motor Company had had the car but had sold it, and "did not know where it was." Later, after taking the car back from W. D. Cameron, Rotan Motor Company claimed that they had sold it to a stranger, and that their record showed only that it had been sold to "Cash." This was long after the motor company had been advised that the car was mortgaged to the Bank, and had been shown the note and mortgage.

When the car was sold by J. M. Woltz to Rotan Motor Company, the latter paid the note to the First National Bank & Trust Company of Oklahoma City. Esther M. Kahre testified that she had never signed any note or mortgage to that bank. There is no evidence that she ever received any benefit from the sale of her car. The evidence showed that at the time the case was tried, J. M. Woltz was in the Kansas State Penitentiary at Lansing, Kansas, and neither party sought his testimony.

Rotan Motor Company contends that the remedies of replevin and conversion are inconsistent causes of action and cannot be maintained in the same suit. The trial court had denied a motion to require an election and overruled a demurrer, but when plaintiff dismissed except as to conversion, the

effect was the same as if the court had sustained the motion and demurrer. The error, if any, was harmless. In First National Bank of Enid v. Headrick, 190 Okla. 164, 121 P. 2d 566, the rule is announced in the first syllabus as follows:

"When the plaintiff has two or more separate theories of, or reasons for, recovery, each of them may be set forth in a different count. This form of pleading is especially appropriate when there is some uncertainty as to the ground of recovery, and may be employed even though there is some inconsistency in the different counts."

The defendant urges that the facts embodied in a supplemental petition, under code, must relate to the same cause of action set forth in the original petition, and must be in aid thereof. On January 8, 1948, the plaintiff filed its amended petition, setting up the three distinct causes of action. Its original petition was for replevin only. On January 12, 1948, Rotan Motor Company filed its answer to the amended petition of plaintiff. It had filed no motion or demurrer to the amended petition. Any objectionable features of the amended petition were thereby waived, under the ruling of this court in Reynolds v. Hill, 28 Okla. 533, 114 P. 1108, and Stevenson v. Wescott, 187 Okla. 203, 102 P. 2d 172.

There is no question but that the laws of a foreign state must be pleaded and proved where sought to be applied here. If this is not done, they will be presumed to be the same as the laws of this state. The mortgage involved was executed in Kansas, but not filed there. The laws of that state were neither pleaded nor proved. The mortgage executed in Kansas had only one witness to the signature of the mortgagor. Two witnesses are required in Oklahoma, in the absence of an acknowledgment, and where a mortgage is filed with only one witness to the signature of the mortgagor, it does not constitute notice to creditors of the mortgagor. In New v. Malone, 199 Okla. 639, 189 P. 2d 177, it is said in the seventh syllabus:

"The purchaser of personal property from a third party who had no title to convey, acquires no interest under which he can assert the invalidity of a chattel mortgage thereon merely because it is not recorded."

The court found that Rotan Motor Company did not purchase the car from Esther M. Kahre, the owner and mortgagor. This finding is amply supported by the evidence. According to its own testimony, the motor company purchased the car from J. M. Woltz. The Rotans' testimony that a strange woman was in the car with Woltz, and that they "thought" she was his wife, is not convincing. One member of the motor company notarized the transfer of title, upon a statement of some employee that the woman in the car had stated that she had signed the transfer. Rotan Motor Company admitted that both Woltz and Esther M. Kahre were strangers to them at the time. They admitted having bought the car without examining the records in the office of the county clerk of Oklahoma county, where the Bank's mortgage was on file. Before selling the car a second time, the motor company certainly had ample notice of plaintiff's mortgage and claim. A careful examination of all the evidence convinces us that Rotan Motor Company had sufficient notice to put a prudent person on inquiry as to whether J. M. Woltz had authority to sell the car, and also of plaintiff's mortgage thereon.

Rotan Motor Company contends that it is essential to plaintiff's action in conversion that plaintiff show title to the car, or a lien thereon, or a right to possession, and that plaintiff must recover on the strength of its own title rather than on the weakness of that of its adversary. We find that the evidence shows that plaintiff had a lien against the car and a right to maintain an action for replevin or conversion. The car was not in the hands of a bona fide purchaser for value from the mortgagor, without notice. Defendant had actual notice of plaintiff's mortgage when it sold the car in November, 1947,

to "Cash", and refused to tell plaintiff the whereabouts of the car or the name and address of the purchaser. Its location was never disclosed to the holder of the first mortgage.

Rotan Motor Company requested the court to allow it an attorney's fee because plaintiff did not recover in its replevin action. Sec. 147, Title 42, O.S. 1951, is cited, but § 176 of the same title is quoted as authority for this claim for attorney's fee. No judgment was ever rendered in the replevin action; it was voluntarily dismissed by plaintiff before judgment. This is not equivalent to a judgment for Rotan Motor Company, whose evasive tactics made it impossible to locate the mortgaged car.

The findings and judgment of the trial court are amply sustained by the evidence, and its judgment is therefore affirmed.

CORN, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur. WELCH, GIBSON, and DAVISON, JJ., concur in result.