Josephine CLARK, Plaintiff in Error,

v.

Sanger A. CLARK, Defendant in Error.

No. 39526.

Supreme Court of Oklahoma.

May 15, 1962.

Rehearing Denied April 9, 1963.

Andrew L. Hamilton, Oklahoma City, for plaintiff in error.

Melville F. Boddie, Oklahoma City, for defendant in error.

HALLEY, Justice.

Josephine Clark, plaintiff, filed her petition in the District Court of Oklahoma County against Sanger A. Clark, defendant, to recover judgment for delinquent child support payments based on a divorce decree entered in the District Court of Tarrant County, Texas, on December 8, 1956. The decree was attached as an exhibit to plain-

tiff's petition and the pertinent part provides as follows:

"It further appearing to the Court, after investigation of the circumstances of both Plaintiff and Defendant, that Defendant is able to contribute to the support of each of said children the sum of $112.50 per month, and the Court being further of the opinion, and so finding, that right and justice and the best interests of said children require that Defendant contribute to their support,

"It is therefore, ORDERED, ADJUDGED AND DECREED that Defendant pay to Walker Echols, Child Welfare Officer of Tarrant County, and his successors in office, on or before the 1st and 15th day of each month, beginning January 1, 1957, the sum of $56.25 for the support of Jean Ellen Clark and an additional $56.25 for the support of Jerry Lewis Clark, and that such payments continue for each child until he shall reach the age of eighteen years, or until otherwise ordered by this Court. At the expiration of six months from the date of this Judgment, the amount of such payments shall be reviewed by the Court, together with the manner in which they have been expended by the Plaintiff for the benefit of said children, and Plaintiff shall, at the expiration of each six months period, file an accounting of such expenditures with said Child Welfare Officer."

Plaintiff also attached as an exhibit to her petition an order of the Texas court entered on July 5, 1957, in the same matter, which provides in its pertinent part as follows:

"a. The Defendant, Sanger A. Clark, shall, after giving the Plaintiff, Josephine Clark, seven (7) days notice, have the right to have said children visit him for a period not to exceed six (6) weeks length, consecutively, during the summer months of June, July and/or August, at his place of residence, wheresoever it may be, and during such period the Defendant, Sanger A. Clark, shall have the right to make such trips with said children as he deems desirable and proper. During this period, the Defendant, Sanger A. Clark, is not required to make two (2) payments of the Child Support ordered in the original decree, amounting to a total of $225.00."

The petition alleges that defendant made payments as and when due inclusive of the October, 1957, payments, but that he failed and refused to make payments until March 2, 1960, and prayed for judgment in the amount of the delinquent payments of $7,000.00.

Defendant filed a demurrer as follows:

"COMES NOW the defendant, Sanger A. Clark, and demurs to the petition of the plaintiff filed herein for the reason that the same wholly fails to state a cause of action for the plaintiff and against the defendant, that would entitle the plaintiff to any relief before this Court.

"The defendant, Sanger A. Clark, further demurs to said petition for the reason that this Court has no jurisdiction of the subject matter.

"The defendant, Sanger A. Clark, further demurs to said petition for the reason that the amounts which the plaintiff claims to be due under the Texas divorce decree are not in the form of a final judgment, and any amount that may, or may not, be due thereunder is subject to the continuing jurisdiction of the District Court of Tarrant County, Texas, in Case No. 3294–F; that the amounts claimed due, not being in the form of a final judgment, but being subject to change by the Texas Court, is not such a judgment as the plaintiff is entitled to bring suit on in the State of Oklahoma."

The trial court sustained the demurrer and the order reads, in part, as follows:

"* * * the Court having heard argument of counsel finds that the said

Demurrer should be sustained to the plaintiff's Petition based on a cause of action for back child-support due under the Divorce Decree of the District Court of Tarrant County, Texas, Case No. 3294–F, wherein Josephine Clark was plaintiff and Sanger A. Clark was defendant, for the reason that the said Judgment had not been reduced to a lump-sum figure by the Texas Court and that the monthly installments past-due do not constitute a Final Judgment under the laws of the State of Texas and that the said Decree was not entitled to full faith and credit as provided for by the constitution of the United States."

Plaintiff elected to stand on her petition and perfected her appeal to this Court.

■ One of defendant's arguments to support the order of the trial court in sustaining the demurrer is that plaintiff is not the proper party in interest in that the divorce decree ordered child support payments to be made to Walker Echols, Child Welfare Officer and his successors in office. Defendant cites no authority for his argument and we have refused a similar argument in a case of similar nature. Tisdell v. Tisdell, Okl., 363 P.2d 277. The exact question has been decided adversely to defendant's position in Gould v. Gibson, 180 Mo. App. 477, 166 S.W. 648, where that court said:

"* * * The fact that the judgment of the district court of Kansas provided that the money should be paid to the clerk of the district court, the defendant having left the state and failing to provide for his children, could not deprive the plaintiff of her right to resort to the only other available method of enforcing this support by coming into this jurisdiction, setting up the facts, and obtaining a judgment here for the amount due her."

We approve the reasoning of the Missouri court and reject defendant's argument about proper party in interest.

We now look to the law concerning whether plaintiff's petition stated a cause of action.

■ In the first paragraph of the syllabus of Clester v. Heidt's Estate, Okl., 353 P.2d 699, we held:

"A foreign divorce decree providing for periodical payments of child support is entitled to full faith and credit in this state as to matured, unpaid child support installments."

In the early case of Campbell v. Campbell, 28 Okl. 838, 115 P. 1111, we held that a Missouri divorce decree for future payments of alimony, that was not subject to modification by Missouri courts as to past-due and unsatisfied installments, was entitled to full faith and credit in this State and there is no requirement that such past-due payments be reduced to lump-sum judgment in the foreign state before suit may be brought in Oklahoma.

Plaintiff states that, in Oklahoma, modification of an order for child support must be prospective and cannot be retroactive. Reynolds v. Reynolds, 192 Okl. 564, 137 P.2d 914; Sango v. Sango, 121 Okl. 283, 249 P. 925. This is the Oklahoma law and defendant agrees in his brief that it is. However, defendant contends that the trial court considered the Texas law and found it different from that of Oklahoma.

■ The law of Texas was not pleaded in the record in the instant case. Thus, the trial court was constrained to presume that it was the same as that of Oklahoma concerning power of modification. On this point, we said in Clester v. Heidt's Estate, supra:

"In the absence of a contrary showing in the record, we presume in accordance with a recognized principle of conflict of laws, that the law of Indiana as to the power of modification is the same as the law of Oklahoma."

See similar statements in Rotan Motor Co. v. Farmers & Merchants State Bank, 207 Okl. 271, 249 P.2d 125 and Gray v. Martin, 206 Okl. 167, 242 P.2d 698.

■ There is nothing in the Texas divorce decree or supplemental order to indicate that the child support payments may be modified retroactively. The fact that the Texas decree required that "the amount of such payments shall be reviewed by the court, together with the manner in which they have been expended by the plaintiff for the benefit of said children" does not compel the conclusion that the court was empowered to modify the amount of payments already made or past-due. The fact that the supplemental order entered July 5, 1957, made no reference to a review of payments or the way they were expended is of no importance. If, by the terms of the supplemental order, defendant has had the children visit him during the summer months and was not required to make certain payments ordered in the original decree, he can plead such facts in his answer.

It therefore follows that the trial court erred in sustaining defendant's demurrer to plaintiff's petition.

Since the matter must be sent back for further proceedings, we will take note of the language of the order of the trial court which sustained the demurrer. Even though, as we stated above, the issue concerning the Texas law as to Texas courts' power of modification of child support orders was not properly before the trial court, he apparently sustained the demurrer based on a finding that the Texas decree for child support was subject to retroactive modification. Neither party has cited any Texas cases or statutes to show that Texas takes such a view and our own research has disclosed that the Texas Supreme Court apparently takes the contrary view. Gard v. Gard, 150 Tex. 347, 241 S.W.2d 618. Annotations on the subject at 94 A.L.R. 331 and 6 A.L.R.2d 1277 indicate that the Texas courts have not passed squarely on this.

Defendant cites the Texas cases of Ex parte Roberts, 139 Tex. 644, 165 S.W.2d 83; Johns v. Johns, Tex.Civ.App., 172 S.W.2d 770; and Grubbs v. Grubbs, Tex.Civ.App., 164 S.W.2d 216; but we do not find that these cases hold that the Texas courts have power to modify child support payments retroactively. They together with the Texas case of Brito v. Brito, Tex.Civ.App., 346 S.W.2d 133, hold that plaintiff's only remedy in Texas is to enforce by civil contempt proceedings that part of the decree requiring child support payments and that plaintiff may not reduce the past-due payments to money judgment. While defendant remains outside the confines of Texas, plaintiff's remedy of civil contempt is not possible. By force of his argument, defendant is obviously attempting to place himself beyond the reach of any judicial process by any court.

The appellate court of a sister state has had occasion to review the Texas law in this regard and has reached the same conclusion concerning it that we have. The Court of Appeals of Kentucky in Williams v. West, 258 S.W.2d 468, a case wherein plaintiff sued for past-due child support payments under a Texas divorce decree, as in the instant case, held that the Texas decree was not interlocutory as to payments which had accrued prior to the filing of the action and accorded it full faith and credit.

The leading case on the question is Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905, in which a New York judgment was held to be final notwithstanding a statute of that state which provided that the "court may * * * at any time after final judgment, [annul,] vary or modify such directions." The U. S. Supreme Court said:

"But it is equally certain that nothing in this language expressly gives power to revoke or modify an instalment of alimony which had accrued prior to the making of an application to vary or modify, and every reasonable implication must be resorted to against the existence of such power, in the absence of clear language manifesting an intention to confer it."

Defendant cites Bleuer v. Bleuer, 27 Okl. 25, 110 P. 736, to the effect that a foreign divorce decree providing alimony to be paid in installments subject to modification under the laws of the foreign state will not sup-

port an action in this State because it is not a final judgment for a fixed sum. As we pointed out in Campbell v. Campbell, supra, the Bleuer case was decided before the opinion in Sistare v. Sistare, supra, was available to this Court. Any language in the Bleuer case in conflict with or contrary to the opinion expressed herein is withdrawn and disapproved.

The order of the trial court sustaining defendant's demurrer to plaintiff's petition is reversed with directions to proceed in accordance with the views herein expressed.

Reversed with directions.

WILLIAMS, C. J., and WELCH, JOHNSON and BERRY, JJ., concur.

BLACKBIRD, V. C. J., and IRWIN, J., concur in result.

DAVISON and JACKSON, JJ., dissent.