Otis ELMS, Plaintiff in Error,

v.

CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, a foreign corporation, and Eugene Bernard, Defendants in Error.

No. 39535.

Supreme Court of Oklahoma.

May 29, 1962.

Rehearing Denied June 26, 1962.

Application for Leave to File Second Petition for Rehearing Denied Sept. 18, 1962.

Brown, Brown & Brown, McAlester,
·Preslie H. Brown, Ellis M. Brown, Mc-
Alester, of counsel, for plaintiff in error.

Robert E. Shelton, of Savage, Gibson, Benefield & Shelton, Oklahoma City, for defendant in error Chicago, R. I. & P. R. Co.

Foliart, Shepherd & McPherren, Oklahoma City, Sandlin & Daugherty, Holdenville, for defendant in error Eugene Bernard.

HALLEY, Justice.

Otis Elms, plaintiff below, appeals from the judgment of the trial court in sustaining both defendants' demurrers to the evidence and in overruling his motion for new trial.

Plaintiff had been injured while he and several other men were attempting to close one-half of a sliding railway boxcar door which fell upon him causing personal injury. In his petition he alleged the concurrent negligence of the defendant, Chicago, Rock Island & Pacific Railroad Company, a foreign corporation (hereafter called defendant Railroad), and defendant Eugene Bernard (hereafter called defendant Bernard).

Plaintiff's allegations of negligence on the part of defendant Railroad were that it delivered a defective and unsafe railroad car to defendant Bernard, failed to inspect and maintain the car, and failed to warn defendant Bernard concerning it. Plaintiff and witness Kelley, who were helping close the car door testified that they did not see any defect or anything unusual about the door before the accident occurred. Kelley said the door came out when it reached a point eight or ten inches from the center of the door aperture or opening in the side of the car. The other half of the double sliding door worked independently of the one which fell and it is not involved in this lawsuit. Plaintiff in answer to one question on cross-examination stated that he had closed the doors of this boxcar before the day of the accident. Neither the plaintiff nor witness Kelley looked at the car door after the accident. The only other witness who testified concerning the railroad car was plaintiff's brother Floyd Elms, who examined the railroad car and its door on the day following the accident. The railroad car door slides along the side of the car and is held in place by a flange or lip that extends from the top of the car. Floyd Elms identified some pictures taken the day he examined the car and pointed out that some of the pictures showed a "sunk-in" or "caved-in" place on the flange about 18 inches or two feet from the center of the door opening. He said the dent appeared as though made by a ball-peen hammer hitting it; it was about two inches wide; it was "mashed in a pretty good ways."

There was no testimony that the railway car door was hampered in its travel along the flange by reason of the dent. In fact there is no testimony that the dent touched the door as it slid closed. It is just as reasonable to believe that the dent caused the door to be held more securely and yet without interference. The evidence presented by plaintiff concerning the door and flange does not show that there was a defect, but merely shows an inperfection. There is no showing that the imperfection touched, interfered with or stopped the door, or that it contributed in any way to cause the door to fall. The rules which are applicable as concerns defendant Railroad in this case were stated in the syllabus of Shell Oil Co. v. Haunchild, 203 Okl. 456, 223 P.2d 333:

"A verdict may properly be predicated on circumstantial evidence, but it cannot be based upon mere speculation and conjecture.

"Essential facts may be established by circumstantial evidence through permissible inferences drawn from proven facts but not through inference upon inference nor presumption upon presumption."

See Lukenbill v. Longfellow Corporation, Okl., 329 P.2d 1036; Underwood v. Fultz, Okl., 331 P.2d 375; Prest-O-Lite Co. v. Howery, 169 Okl. 408, 37 P.2d 303.

Plaintiff cites Oklahoma City-Ada-Atoka Ry. Co. v. Riddle, 183 Okl. 318, 82 P.2d 304; and Oklahoma City-Ada-Atoka Ry.

Co. v. Crabtree, 207 Okl. 327, 249 P.2d 445, which hold that there was a jury question as to negligence of a railway company. This Court pointed out in each of those cases, however, that the evidence showed that the railroad car involved had a defect.

There was no error committed by the trial court in sustaining defendant Railroad's demurrer to the evidence.

We now come to plaintiff's contention that the trial court erred in sustaining defendant Bernard's motion to require an election of theories by plaintiff. To show the background of the motion it is necessary to summarize the pleadings. Plaintiff alleged in his petition that defendant Bernard was guilty of negligence through his agent, servant and employee, Ledon Bernard, in attaching a chain to a defective railroad car door and attempting to force it closed by using a pickup truck with plaintiff standing in a place where the door would strike him, in exerting force on the door at an angle and without removing plaintiff from the vicinity. Defendant Bernard answered with the defenses, among others, that, if his servant Ledon Bernard was negligent, he was a fellow servant of plaintiff and that plaintiff knew the risks and dangers of the work and assumed the risk. Plaintiff replied to defendant Bernard's answer in part as follows: that in the event it was later determined that plaintiff was an employee of defendant Bernard at the time and place of the accident, plaintiff alleged in the alternative that defendant Bernard was negligent, in addition to the allegations in the petition, in failing to provide plaintiff with safe and proper tools; and plaintiff further alleged in the alternative that Ledon Bernard was not a fellow-employee, but instead was a vice-principal and consequently his negligence was chargeable to defendant Bernard.

Defendant Bernard filed no motion directed at an attack on plaintiff's reply. The matter came on for pre-trial conference on September 9, 1960, at which time the order thereon reflects that parties agreed that the issues were made up.

■ The cause came on for trial on September 14, 1960, and all parties announced ready for trial. After a jury had been selected and sworn to try the issues and after plaintiff's counsel made his opening statement, counsel for defendant Bernard made the following oral motion:

"Comes now the Defendant Eugene Bernard and requests the Court to require the plaintiff to elect upon which theory he is proceeding in this action against the defendant Bernard; specifically whether upon the theory of negligence, whether the plaintiff is taking the position that he was a volunteer and not an employee of the defendant Bernard, or upon the theory that the plaintiff Elms was an employee of the defendant Bernard as alleged in plaintiff's Reply to Amended Answer of the defendant Eugene Bernard and thereby placing his cause of action upon the basis that the defendant Bernard did not provide the plaintiff with a reasonably safe place to work and with safe instruments with which to work, and this Motion is being made prior to the introduction of testimony in the case."

The motion was sustained and plaintiff made his forced election to stand on the allegations in the petition.

■■ Such ruling by the trial court constituted error. The two "theories" of plaintiff were merely separate counts or distinct acts of negligence. Had all of these alternative or complementary facts amounting to acts of negligence on the part of defendant Bernard been alleged in the petition, they would not have been subject to a motion to elect. 12 O.S.1961 § 264; Bourland v. Madill State Bank, 32 Okl. 761, 124 P. 314. In the instant case plaintiff pleaded facts to show that although he was regularly employed by defendant Bernard, his employment on the day of the accident had been completed at 5:00 p. m. and the accident occurred at approximately 5:15 p. m.

His petition pleaded that plaintiff's legal status was that of an invitee as to defendant Bernard. Because of the closeness of time of his regular working hours and the time of the accident and because plaintiff was assisting other employees of defendant Bernard, it may be seen that plaintiff would be uncertain as to his legal status in connection with his grounds of recovery. The count set up in his reply alleged in the alternative that plaintiff's status was that of an employee of defendant Bernard, which may be somewhat inconsistent although not to the point of repugnancy. The rule in this type situation has been stated in First Nat. Bank of Enid v. Headrick, 190 Okl. 164, 121 P.2d 566, where it was held:

"When the plaintiff has two or more separate theories of, or reasons for, recovery, each of them may be set forth in a different count. This form of pleading is especially appropriate when there is some uncertainty as to the ground of recovery, and may be employed even though there is some inconsistency in the different counts."

See Southern Surety Co. v. Gilkey-Duff Hardware Co., 166 Okl. 84, 26 P.2d 144, 89 A.L.R. 888; Rotan Motor Co. v. Farmers & Merchants State Bank, 207 Okl. 271, 249 P.2d 125. The Iowa Supreme Court in Wells v. Wildin, 224 Iowa 913, 277 N.W. 308, 115 A.L.R. 169, said concerning a similar situation:

"We cannot sustain appellant's contention that plaintiff's petition contains two causes of action which are so inconsistent as to be destructive of each other.

"The primary, essential right of an injured person is to secure redress from the person causing the injuries. The injuries suffered are the gravamen of this action for compensation. Here we have one wrongful act affecting one person. Only one right of the plaintiff was invaded. Whether the right invaded was that of a guest or employee must be determined from the evidence. The true relationship existing between the parties at the time of the accident is a fact question. Plaintiff might, in good faith, believe he was a guest, but his testimony, or the record, may prove that he was not a guest. That the true relationship of the parties in a situation like the one here is often difficult to determine is evidence by the number of cases appealed to determine the status of the parties. A plaintiff should not be required to make so hazardous a decision. The alleged offender must not be permitted to say, 'I will respond in damages for the wrong inflicted upon you if you correctly guess our true relationship.' * * *"

In Rinard v. Omaha, K. C. & E. Ry. Co., 164 Mo. 270, 64 S.W. 124, an action for damages for the killing of plaintiff's husband wherein plaintiff's first count alleged deceased was an employee of defendant, a second count alleged he was employed by another railroad company, and a third count alleged he was merely a passenger, the court said:

"* * * It is as true to-day as it ever was that repugnancy in pleading is not permissible. But, to render a pleading bad, the repugnancy must be such that proof of one state of facts pleaded as a basis for a recovery will necessarily disprove another state of facts pleaded as such a basis. A plaintiff may plead a single cause of action in as many different counts as he chooses, to meet any possible state of the proofs, and this will not make his counts repugnant. (citing cases) If any one of the counts in a petition so framed is good, it will support a general verdict. Id. This being true, a plaintiff cannot be compelled to elect upon which count he will stand. * *"

This appears to be the majority view. See annotation 115 A.L.R. 178.

The trial court's sustaining the motion to elect and plaintiff's election pursuant thereto had the effect of limiting the proof or evidence plaintiff might have presented at

trial. Plaintiff properly preserved the error and is entitled to a new trial as against defendant Bernard in order that he may present evidence on both counts of negligence as alleged in the petition and reply and have the issues determined on the issues as made up by the pleadings at the time the parties announced ready for trial.

Judgment is affirmed as to the sustaining of defendant Railroad's demurrer to the evidence; and judgment is reversed and the matter remanded for a new trial as to defendant Bernard.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.