**C. I. T. CORPORATION, Plaintiff in Error,**

**v.**

**Paul C. EDWARDS, Defendant in Error.**

**No. 41081.**

Supreme Court of Oklahoma.

Oct. 4, 1966.

Jay C. Baker, Baker & Baker, Tulsa, for plaintiff in error.

Charles A. Whitebook, Windell D. Knox, Tulsa, for defendant in error.

HODGES, Justice.

The action was instituted by the plaintiff, the C.I.T. Corporation, to recover the

balance due on a conditional sales contract to which the defendant, Paul C. Edwards, filed a counterclaim based on usury. The trial court rendered judgment for both parties on their claims and the plaintiff appeals.

The petition of the plaintiff alleged that on June 8, 1960, the defendant entered into a conditional sales contract with the A.B.C. Building Company of Tulsa, Oklahoma by which he purchased a 1959 Aero Commander airplane, that the conditional sales contract was thereafter assigned to the plaintiff, and that in January, 1962, the defendant became delinquent in making the payments as provided in the contract. Next the petition alleges that the plaintiff repossessed the aircraft and that there was then due and owing a balance of $55,180.40 in addition to interest and attorney fees. It is further alleged that the aircraft was sold at a public sale for $28,000.00, and that after deducting the costs of repossessing the aircraft, attorney fees, and certain other expenses, the defendant was credited with the sum of $16,110.70 on the contract. The petition prays for a deficiency judgment against the defendant in the amount of $39,069.70 with interest thereon at the rate of 10% per annum.

The answer and counterclaim of the defendant denied the allegations of the petition and alleged that the purported conditional sales contract was a "sham and a scheme to cloak and evade a loan of money at usurious interest", that interest at a rate greater than 10% per annum was charged, and that, under the laws of the State of Oklahoma, the defendant is entitled to recover double the amount of the entire interest charged. The defendant admitted the execution of the conditional sales contract.

The reply of the plaintiff denied the allegations of the defendant's answer and specifically denied the defendant's counterclaim by asserting that the interest charged by the contract did not exceed 10% per annum.

A jury was waived by the parties and the case was tried to the court. The court entered judgment in favor of the plaintiff for the sum of $39,069.70. The court further found that a greater interest rate than 10% was charged on the transaction, constituting usury, and entered an offset of twice the amount of such interest or $25,404.78 in favor of the defendant, reducing the amount of the plaintiff's judgment to $13,-664.92. The plaintiff prosecutes this appeal from the order of the trial court overruling its motion for a new trial.

■ The plaintiff first asserts that the transaction involved in this case constituted a sale of merchandise to which usury does not attach. It has previously been determined that the usury laws of this state do not apply to sales but only to loans of money. Pierce v. C.I.T. Corp., 170 Okl. 633, 41 P.2d 481; Mondie v. General Motors Acceptance Corp., 178 Okl. 584, 63 P.2d 708.

■■ It is apparently the theory of the plaintiff that the A.B.C. Building Company sold the Aero Commander to the defendant on a credit basis to be paid out in installments over a period of time. The plaintiff then argues that the conditional sales contract entered into by these parties was purchased by it at a discount from the A.B.C. Building Company for $50,000.00. We recognize that the form of the transaction, as reflected by the conditional sales contract and the assignment to plaintiff attached thereto, is consistent with this analysis. But the form in which the transaction is carried out is not determinative. Whether a particular transaction constitutes a sale or a loan of money is a question of fact and the decision of the trier of fact upon this issue will not be disturbed on appeal if reasonably supported by the evidence. Cobb v. Baxter, Okl., 292 P.2d 389. This view is expressed in the following language in the leading case of United Tire & Inv. Co. v. Trone, 189 Okl. 120, 113 P.2d 977:

"Whether the relationship of borrower and lender exists is a question of fact, not one of form. If the transaction is in reality one for the loan of money, the fact that the borrower may use the same

to purchase or complete the purchase of merchandise does not change the situation; it remains a loan of money insofar as the parties to the transaction are concerned. * * * since there is competent evidence in the record reasonably tending to support the verdict so reached such is conclusive on appeal."

An examination of the testimony of the defendant, the only witness, discloses the nature of the transaction in this case. The defendant testified that he contacted the plaintiff on various occasions concerning a loan of money prior to entering into the contract of purchase with the A.B.C. Building Company. The defendant stated that he informed the plaintiff in their discussions that he "wanted to borrow $50,000.00 on the Aero Commander" in order to (1) pay the existing mortgage on an Apache airplane that was to be used as a trade-in on the Aero Commander, (2) pay the A.B.C. Building Company the agreed cash difference between the two airplanes, and (3) provide $4,300.00 for use in his business. The defendant testified unequivocally that the plaintiff agreed to lend him this money with interest at the rate of 6% per annum on the loan. According to their agreement, the plaintiff was to pay off the existing lien on the Apache airplane, and send the remainder of the loan to the A.B.C. Building Company which would retain the purchase price of the Aero Commander and distribute the balance of the money to the defendant. The plaintiff offered no evidence, other than the documents pertaining to the form of the transaction, to contradict the testimony of the defendant or to establish its theory of the case. Aside from the documents, there is nothing in the record to indicate that the plaintiff did not make the loan to the defendant or to show that the A.B.C. Building Company intended to sell the Aero Commander to the defendant on time for a credit price rather than for cash as the defendant testified. In such circumstances, the trial court was compelled to conclude that the plaintiff loaned money to the defendant to enable him to purchase the Aero Commander, and to provide $4,300.00 for use in his business, if the court attached credibility to defendant's testimony. The credibility of the defendant as a witness and the weight and value to be given his testimony is a matter to be determined by the trier of fact. Cobb v. Baxter, supra; Givens v. Western Paving Co., Okl., 261 P.2d 450; Grigg v. Federal Deposit Ins. Corp., 208 Okl. 419, 257 P.2d 290.

The plaintiff stoutly maintains that the case of Henry v. P. & T. Finance Co., 197 Okl. 676, 174 P.2d 373, in which it was held that usury does not attach to a credit sale, is determinative of the outcome of this case. In that case the court expressly found that "there is no evidence tending to establish that the transaction was one for a loan of money on which usury could be predicated." In view of the evidence establishing a loan of money in the instant controversy, we do not find the plaintiff's assertion that the cited case is controlling precedent to be persuasive.

We believe that the evidence amply supports the finding of the trial court that the transaction involved in this dispute constituted a loan of money and not a sale as contended by the plaintiff.

The plaintiff also argues in the alternative, that if the transaction constitutes a loan of money, the law of Colorado should be applied to determine the validity of the contract, and that under the law of that state, the interest charged is not usurious.

It is apparent from examination of the record that this issue was not raised in the trial court until after both parties had submitted the case to the court for determination and then only by the post trial brief submitted by the plaintiff. A rule of long standing in this state was that the law of another jurisdiction presents a question of fact and must be pleaded and proved before it could be considered by the trial court. Marx v. Hefner, 46 Okl. 453, 149 P. 207; State v. Wright, 193 Okl. 383, 143 P. 2d 801; Gray v. Martin, 206 Okl. 167, 242 P.2d 698. This rule was modified in 1953

when the Legislature adopted the "Uniform Judicial Notice of Foreign Law Act." Okl. Sess.Laws 1953, c. 10a, p. 53. This Act is now codified as Sections 541 to 547, inclusive, in Title 12 of the Oklahoma Statutes. While this Act removed the necessity of formally proving the law of another jurisdiction, it retains the requirement that such law must be pleaded (or written notice given to the adverse party ten days before trial). 12 O.S.1961, § 544. The purpose of this requirement is clear. It is to apprise the adverse party of the fact that the law of another jurisdiction is involved in order that he may submit whatever proof he desires concerning the foreign law or its applicability. Such notice is designed to prevent the very thing that occurred in the instant case. The defendant in this case never had an opportunity to present evidence with regard to the law of Colorado. It was only after all the evidence had been presented that the plaintiff first asserted in its brief the applicability of the Colorado law. Indeed it appears that this was only an afterthought on the part of the plaintiff and is a substantial departure from the theory upon which the plaintiff tried the case. The plaintiff's reply, to the defendant's counterclaim asserting usury, stated:

> "Plaintiff further denies that usurious interest has been charged and plaintiff states that interest at a greater rate than 10% was not charged, reserved, or collected."

It is clear that the issue thus presented was a factual one concerning rate of interest charged. There was no mention in the plaintiff's reply that the validity of the contract was to be determined by the law of another jurisdiction, nor is there any reference to the law of Colorado in any other pleading in this case. There was also no written notice to the defendant that the plaintiff was relying on Colorado law. The record is equally devoid of any such assertion by the plaintiff during the progress of the trial. In such circumstances we have no hesitancy in holding that the law of Colorado was not properly placed in issue and could not be relied on by the plaintiff. See Bailey v. Hagen, 25 Wis.2d 386, 130 N.W.2d 73; Cliff v. Pinto, 74 R.I. 369, 60 A.2d 704. Any other rule would be prejudicial to a party prepared to try his case on the law of the forum and would place an undue burden on the trial court to ferret out the law of the numerous foreign jurisdictions.

■ We are also not persuaded by the plaintiff's argument that the defendant has waived the right to question the fact that the law of Colorado was not plead by failing to object "to the introduction" of the law. The issue of foreign law was not injected into this case until after both parties had rested and the case had been submitted to the court. At that time the plaintiff requested "leave to study the law applicable more fully" and subsequently submitted a brief urging the application of the usury law of Colorado. The trial court then returned a judgment for the defendant on the counterclaim. It is clear that the law of Colorado was never properly introduced into evidence in this case and there was therefore no obligation on the defendant to enter an objection. We find no basis for concluding that the defendant has waived the right to assert, in order to sustain the judgment, that the law of Colorado was not properly placed in issue.

■ The trial court concluded that the law of Colorado was not applicable but the law of Oklahoma should be applied. We need not review this determination. It is well settled that if the foreign law is not properly placed in issue, it is presumed to be the same as the law of the forum. Hinds v. Atlas Acceptance Corp., 178 Okl. 464, 63 P.2d 29; Wilcox v. Wilcox, 198 Okl. 370, 178 P.2d 874. In the early case of Betz v. Wilson, 17 Okl. 383, 87 P. 844, it was held:

> "Where a party desires to avail himself of the usury laws of another state, he must plead and prove the laws of such state; and in the absence of such pleading and proof *the court will presume the laws of such state are the same as the laws of this territory.*" (Emphasis supplied).

This presumption remains unchanged by the "Uniform Judicial Notice of Foreign Law Act" where the foreign law is not properly before the court. Scott v. Scott, 153 Neb. 906, 46 N.W.2d 627, 23 A.L.R.2d 1431; Maccabees v. Lipps, 182 Md. 190, 34 A.2d 424; Mick v. American Dental Ass'n, 49 N.J.Super. 262, 139 A.2d 570.

Under the statutes of this state, interest in excess of ten per cent on a loan of money is usurious and results in the forfeiture of twice the amount of the entire interest charged. 15 O.S.1961, §§ 266, 267. The evidence establishes, and the plaintiff concedes on this appeal, that the interest charged by the plaintiff exceeds ten per cent in violation of our statutes. The judgment of the trial court is affirmed.