LUBBOCK PRODUCTION CREDIT ASSOCIATION, Appellee,

v.

Chris HUBBLE and Janis Edwards Hubble, and Holland Edwards and Dorothy Edwards, husband and wife, Appellants.

No. 51568.

Court of Appeals of Oklahoma, Division No. 1.

July 24, 1979.

Released for Publication by Order of Court of Appeals Aug. 23, 1979.

Moore & Merriott by Bill Moore, Atoka, for appellee.

Stamper, Otis & Burrage by Joe Stamper, Antlers, for appellants.

ROMANG, Presiding Judge:

This case involves the application and interpretation of the Uniform Judicial Notice of Foreign Law Act, 12 O.S.1971, §§ 541 et seq.[1] The Defendant-Appellants (Appellants) argue that the District Court erred when it took from the jury's consideration the question of the value of Appellants' land earlier foreclosed upon in Texas. The Appellants argue that the Plaintiff-Appellee (Appellee) did not properly plead Texas law and, therefore, the legality of the process whereby the Texas land was foreclosed must be judged according to Oklahoma law which would permit the parties in this case to prove the value of the Texas property taken in support of Appellants' plea of payment.

The Appellants' position has little merit and the decision below is affirmed. As it existed at the time, 12 O.S.1971, § 544 provided that "to enable a party to offer evidence of the law in another jurisdiction or that judicial notice be taken thereof,

reasonable notice shall be given to the adverse parties either in the pleadings or *by written notice given ten (10) days before trial* [otherwise]." (The emphasized language appears in the Oklahoma statute in lieu of the bracketed language of the Uniform Act.) While Appellants cite pre-Act cases requiring the pleading of foreign law it is clear the statute permits any reasonable written notice. The Uniform Commissioners' Notes to the Uniform Act state that "if the Court may take judicial notice of such law, fairness requires that the opponent should be warned beforehand, so that he may prepare on that law." Uniform Judicial Notice of Foreign Law Act, § 4, 9A U.L.A. Thus even though the Court must take judicial notice of the statute and common law of Texas under 12 O.S.1971, § 541, fairness dictates notice so the parties may adequately prepare.

This Uniform Act was superseded as a uniform law in 1962 by the Uniform Interstate and International Procedure Act (U.I.I.P.A.) 13 U.L.A. (Master Edition) p. 279. Section 4.01 of the U.I.I.P.A. is virtually identical to 12 O.S.1971, § 544 and appears in our statutes as 12 O.S.1971, § 1704.01. (Both statutes were applicable during the pertinent times although only § 544 was briefed.)

The Uniform Commissioners' Comment to U.I.I.P.A. § 4.01 (12 O.S.1971, § 1704.01) states "[a]ny reasonable written notice will suffice. Notice by one party is sufficient to permit the opponent to present materials on the law claimed to be applicable." The liberality with which this statute has been applied appears in two cases decided under it which held the reality of notice and not its form was determinative. *Yarbrough v. Prentice Lee Tractor Co.,* 252 Ark. 349, 479 S.W.2d 549 (1972) and *Deposit Guaranty Nat. Bank v. River Valley Co.,* 247 Ark. 226, 444 S.W.2d 880 (1969).

In this case Texas law was not pleaded nor was a special written notice

---

1. This Act was repealed after the pertinent dates in this case. Laws 1978, c. 285, § 1102. The Act was superseded by the Uniform Interstate and International Procedure Act, 12 O.S. 1971, §§ 1701.01 et seq. esp. § 1704.01. The standards for judicial notice of foreign law are now covered in the Evidence Code, 12 O.S. Supp.1978, §§ 2101 et seq., esp. §§ 2201–2203.

given of Appellee's intent to rely on Texas law. But more than one year prior to trial the Appellee filed a motion in limine to exclude remarks "regarding the foreclosure proceedings had by plaintiff as against the defendants, regarding property within the State of Texas." This motion was granted at the outset of the trial. While Texas law as such is not mentioned in the motion, it is clearly made the basis of the motion in the supporting brief. Appellants had ample notice of Appellee's reliance on Texas law and opportunity to challenge either its applicability or interpretation. It is not creditable at this date to claim lack of notice.

The District Court did not err in this regard. No other error being urged in the briefs, we affirm.

AFFIRMED.

REYNOLDS and BOX, JJ., concur.