R.L. CLARK DRILLING
CONTRACTORS, INC.,
Plaintiff,

v.

SCHRAMM, INC., a Pennsylvania corporation, Defendant and Third–Party
Plaintiff–Appellant.

and

AEROQUIP CORPORATION, a
Michigan corporation,
Additional Defendant,

v.

F.B. WRIGHT COMPANY, a corporation;
Philadelphia F.B. Wright Distribution
Company, a Pennsylvania corporation,
Third Party–Defendants–Appellees.

No. 86–1102.

United States Court of Appeals,
Tenth Circuit.

Dec. 29, 1987.

Alfred K. Morlan and Joan Godlove of Jones, Givens, Gotcher, Bogan & Hilborne, P.C., Tulsa, Okl., for third-party plaintiff-appellant.

J. Philip Adamson and Dale Joseph Gilsinger of Pray, Walker, Jackman, Williamson & Marlar, Tulsa, Okl., for third party-defendants-appellees.

Before SEYMOUR, MOORE, and
BALDOCK, Circuit Judges.

SEYMOUR, Circuit Judge.

Schramm, Inc. (Schramm) brought a diversity suit as third-party plaintiff against F.B. Wright Company and Philadelphia F.B. Wright Distribution Company (Wright) as third-party defendants on an indemnity claim. The trial court gave summary judgment for Wright. Wright, as the prevailing party, requested and was awarded attorneys' fees under Oklahoma law. Schramm appeals, claiming that Pennsylvania law should govern and that under such law Wright would not be entitled to attorneys' fees. Because we believe that the trial court did not abuse its discretion by refusing to permit Schramm to raise an issue not set out in the pretrial order, we affirm.[1]

## I.

This litigation had its origin in the destruction by fire of a Rotodrill in Bartlesville, Oklahoma, in October 1981. The owner of the Rotodrill sued Schramm, the Rotodrill's manufacturer, in the District Court for the Northern District of Oklahoma on product liability, negligence, and breach of warranty claims. Schramm, in turn, asserted third-party claims for indemnity against Wright. Schramm also prayed for attorneys' fees and costs. Both Schramm and Philadelphia F.B. Wright Distribution Company are Pennsylvania corporations.

On August 3, 1984, the district court sustained Wright's motion for summary judgment against Schramm. In November 1984, Schramm settled the case brought against it by the owner of the Rotodrill. In February 1985, the court entered an order dismissing the case against each party with prejudice. Throughout the litigation, all parties acted on the assumption that Oklahoma law controlled.

In April 1985, Wright filed a motion for attorneys' fees as a prevailing party under Okla.Stat. tit. 12, §§ 936, 939 (1981). Schramm filed a brief opposing the motion. In this brief, Schramm raised the choice of law issue for the first time by arguing that Oklahoma conflicts law requires that Pennsylvania law be applied to the question of attorneys' fees. Schramm subsequently filed four more briefs on this issue.

The motion was referred to a magistrate for a hearing on Wright's request for attorneys' fees. Wright did not contest Schramm's assertion that Pennsylvania law would not provide for attorneys' fees in this case. It argued instead that Schramm had chosen to sue Wright in Oklahoma rather than in Pennsylvania and that all parties had relied on Oklahoma law at all times. In particular, Wright pointed out that Schramm's own request for attorneys' fees relied on Oklahoma law. The magistrate accepted these arguments and awarded Wright $13,397.25 in attorneys' fees. The district court subsequently entered an order adopting the magistrate's findings and conclusions over Schramm's objections. This appeal followed.

## II.

Schramm did not raise the issue of choice of law at the pretrial stage or at any time before the merits of the case were decided. Thus, the issue on appeal, as we see it, is whether the choice of law question was timely raised.[2] Because this is a pro-

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir. R. 34.1.8. The cause is therefore ordered submitted without oral argument.

2. The parties have argued this appeal on law of the case and judicial estoppel grounds. Neither applies here. Law of the case requires a final judgment based on a contradictory rule of law. *United States v. Bettenhausen,* 499 F.2d 1223, 1230 (10th Cir.1974); *see also Major v. Benton,*

647 F.2d 110, 112 (10th Cir.1981) ("When a lower court is convinced that an interlocutory ruling it has made is substantially erroneous, the only sensible thing to do is to set itself right to avoid subsequent reversal."). Judicial estoppel requires, at a minimum, a prior judgment based on a position taken by the litigant. *Ellis v. Arkansas Louisiana Gas Co.,* 609 F.2d 436, 440 (10th Cir.1979) (applying Oklahoma law), *cert. denied,* 445 U.S. 964, 100 S.Ct. 1653, 64 L.Ed.2d 239 (1980). In this case, the district court made no judgment on the issue of choice of law except the one now on appeal.

cedural question in a federal court, the Federal Rules of Civil Procedure govern.

As court dockets have become more crowded, the need for judicial management of cases has grown. Rule 16, which governs pretrial conferences and orders, was revised in 1983 to provide for such increased judicial management. The amendment imposed scheduling requirements on courts and litigants, broadened the scope of pretrial conferences, and made explicit provision for sanctions for failure to carry out pretrial duties. In particular, section (c) was modified by adding "the formulation and simplification of issues" to the subjects to be discussed at pretrial conference. Fed.R.Civ.P. 16(c). The notes to this section expand on counsel's obligations under 16(c). "Counsel bear a substantial responsibility for assisting the court in identifying the factual issues worthy of trial. If counsel fail to identify an issue for the court, the right to have the issue tried is waived." *Id.* advisory committee's notes, 1983 amendment, subdivision (c). The revisions to Rule 16 did not change the effect of an "order following a final pretrial conference." Pretrial orders "shall be modified only to prevent manifest injustice." *Id.* 16(e). A pretrial order, then, is the result of a process in which counsel define the issues of fact and law to be decided at trial, and it binds counsel to that definition.

■ We review grants or denials of motions to amend pretrial orders under an abuse of discretion standard. *Smith v. Ford Motor Co.,* 626 F.2d 784, 795 (10th Cir.1980); *Seneca Nursing Home v. Secretary of Social & Rehabilitation Services,* 604 F.2d 1309, 1314 (10th Cir.1979); *Monod v. Futura, Inc.,* 415 F.2d 1170, 1173 (10th Cir.1969). While no formal motion to amend the pretrial order was made here, Schramm's assertion of a new issue was, in effect, such a request. Accordingly, we review the lower court's determination of that request under the abuse of discretion standard.

■ A pretrial order "measures the dimensions of the lawsuit, both in the trial court and on appeal." *Hodgson v. Humphries,* 454 F.2d 1279, 1281 (10th Cir.1972). As we have noted, it may be amended during trial only to prevent manifest injustice. Fed.R.Civ.P. 16(e); *Smith,* 626 F.2d at 795; *Seneca Nursing Home,* 604 F.2d at 1314; *Monod,* 415 F.2d at 1174. The burden of establishing injustice falls squarely on the moving party. *Smith,* 626 F.2d at 795. A pretrial order is also amended in effect where an issue has in fact been tried with the express or implicit consent of the parties. *Monod,* 415 F.2d at 1174.

■ The pretrial order in this case was signed by both Schramm and Wright and described the issues of fact and law that remained to be litigated. *See* rec., Agreed Pretrial Order.[3] The issue of choice of law was not set out in the pretrial order. Moreover, as the district court noted when it overruled Schramm's objections to the grant of attorneys' fees, "[t]he issues of law raised in the pretrial order were briefed by all the parties, citing Oklahoma law." Rec., doc. 80, at 2 (Order granting attorneys' fees, filed Dec. 16, 1985).

We see no manifest injustice to Schramm in the court's refusal to permit it to inject the choice of law question at the attorneys' fees stage. Because Schramm is a Pennsylvania corporation, we can assume that its decision to argue on the basis of Oklahoma law rather than Pennsylvania law was based on its belief that Oklahoma law would be most favorable to its case. Schramm remained silent while other parties and the court used Oklahoma law. It argued Oklahoma law itself, and necessarily predicated its own prayer for attorneys' fees on the assumption that Oklahoma law would apply. Schramm made a deliberate choice, therefore, to rely upon Oklahoma law, and the district court did not abuse its discretion by holding Schramm to that choice.

---

3. Because the parties argued this appeal on law of the case and judicial estoppel grounds, the pretrial order was not part of the record they provided to this court. Tenth Circuit Rule 10.-2.4 provides, however, that "[t]he court of appeals has access to ... any of the original papers and exhibits filed in the district court, whether or not designated for inclusion in the records." Pretrial orders are included in this category.

## III.

While we are convinced that this appeal turns on a procedural issue governed by federal law, we also believe that our conclusion is supported by Oklahoma law. Schramm argues, correctly, that where foreign law is not put in issue, Oklahoma courts presume that it is the same as Oklahoma law. *Benham v. Keller*, 673 P.2d 152, 153 (Okla.1983); *Swan Air Conditioning Co. v. Crest Constr. Corp.*, 568 P.2d 1330, 1335 (Okla.Ct.App.1977); Brief for Appellant at 17. It argues further that federal courts are bound to apply state conflicts law, *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941), that conflicts questions are decided on an issue-by-issue basis rather than a case-by-case basis, and that attorneys' fees are substantive for diversity purposes, *King Resources Co. v. Phoenix Resources Co. (In re King Resources Co.)*, 651 F.2d 1349, 1353 (10th Cir.1980), *cert. denied*, 454 U.S. 881, 102 S.Ct. 370, 70 L.Ed.2d 195 (1981). Brief for Appellants at 11, 16. These arguments, however, are irrelevant to our decision; it is the question of timing that is central to this case. The issue is the appropriateness of raising the conflicts question at the attorneys' fees stage of the proceeding.

In its arguments to the magistrate below, Schramm attempted to distinguish the attorneys' fees stage of the litigation from earlier proceedings. It explained, for example, that it had not raised the conflicts issue earlier because the propriety of a fee award does not arise until a prevailing party has been determined. This contention is disingenuous; if Pennsylvania law is the proper law to apply to attorneys' fees, it was the proper law to apply to the earlier stage. More fundamentally, "[s]tatutes providing for attorneys' fees impose a liability which one may enforce as a matter of right. Such fees are put in controversy in

the suit and are a part of the substantive right." *Prudential Ins. Co. of America v. Carlson*, 126 F.2d 607, 611 (10th Cir.1942); *see also King Resources Co.*, 651 F.2d at 1352 (attorney's fees a substantive aspect of bankruptcy system). As we held in *Prudential*, 126 F.2d at 611, the same law applies to the substance of the suit and to attorneys' fees, because attorneys' fees are part of the substance. *But see Toland v. Technicolor, Inc.*, 467 F.2d 1045, 1047 (10th Cir.1972) (applying foreign law to contract claim and Oklahoma law to attorneys' fees by agreement of parties).

Okla.Stat. tit. 12, §§ 2201–2203 (1981) provides that judicial notice of foreign law "may be taken at any stage of the proceeding." *Id.* § 2203(C). Oklahoma cases, however, make clear that reasonable notice to the court is required. *See Lubbock Prod. Credit Ass'n v. Hubble*, 599 P.2d 434, 436 (Okla.Ct.App.1979) (raising issue one year before trial provides sufficient notice); *Swan Air Conditioning*, 568 P.2d at 1335 (failure to raise issue until appeal meant "both parties must have their rights determined by the law of Oklahoma"). The Oklahoma case most analogous to the one on appeal is *C.I.T. Corp. v. Edwards*, 418 P.2d 685 (Okla.1966).[4] *C.I.T. Corp.* was a contract action. One issue was whether the interest charged on an underlying loan was usurious. Oklahoma and Colorado law differed in this respect. The issue of foreign law

> "was not raised in the trial court until after both parties had submitted the case to the court for determination and then only by the post trial brief submitted by the plaintiff.... It was only after all the evidence had been presented that the plaintiff first asserted in its brief the applicability of the Colorado law. Indeed it appears that this was only an afterthought on the part of the plaintiff and is a substantial departure from the theory upon which the plaintiff tried the case."

4. Inexplicably, although Schramm emphasizes that it filed five briefs on the choice of law issue below, and thus had ample opportunity to research the area thoroughly, and although *C.I.T. Corp.* is cited in *Swan Air Conditioning*, 568 P.2d at 1335, Schramm failed to cite the case in its brief on appeal. This absence is all the more notable because Schramm spends five and a half pages of its brief urging us to impose Rule 11 sanctions on Wright, arguing that *"[a] court has a right to expect that counsel will state the controlling law fairly and fully."* Brief of Appellant at 24 (quoting *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 103 F.R.D. 124, 127 (N.D.Cal. 1984), *rev'd*, 801 F.2d 1531 (9th Cir.1986)) (emphasis in brief).

*Id.* at 688–89. The court held that the issue had been raised too late.

Although *C.I.T. Corp.* can be factually distinguished from the instant case, it is the only Oklahoma case we have found in which the issue of foreign law was raised during the determination of the substance of the case. The appellant in *C.I.T. Corp.* sought to take advantage of its late introduction of the issue of foreign law where the local law on which the case had been tried was disadvantageous. It waited until its opponents had formulated and carried out a trial strategy based on local law, until the evidence had been submitted, the arguments made, and only the decision by the court remained. In our case, Schramm has also sought to take advantage of its late introduction of the issue of foreign law when local law on which the case was based became disadvantageous; it has made a settlement with the owner of the Rotodrill based on those parties' respective prospects under local law, has itself sought to recover attorneys' fees under local law, and has done so deliberately. Under these circumstances we believe an Oklahoma court would reach the same result as we do.

The other issues raised by Schramm are without merit.

The judgment below is affirmed.