940 F.2d 1538
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
DR PEPPER COMPANY, a Delaware corporation, Plaintiff-Appellee,
v.
ADAMS INVESTMENT CO., an Oklahoma corporation, Defendant-Appellant,
v.
PEPSICO, INC., a North Carolina corporation, Third-party-defendant.
 No. 90-6078.
 United States Court of Appeals, Tenth Circuit.
 Aug. 5, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Adams Investment Company appeals the district court's award of attorney's fees to plaintiff Dr Pepper Company in this diversity action brought under the federal declaratory judgments act, 28 U.S.C. Secs. 2201-02. Adams conceded in the district court that Dr Pepper was the prevailing party both on its claim for a declaration that Adams was not a party to and had no interest in certain license agreements, and on Adams' counterclaims. Because the license agreements provided that Texas law would apply, the district court decided the attorney's fees issue under Texas law. Adams now argues on appeal that it was error to apply Texas law because the court determined that it was not a party to the license agreements. Adams also asserts that even if Texas law applies, the district court erred in awarding Dr Pepper attorney's fees under either section 38.001 or section 37.009 of the Texas Civil Practice and Remedies Code Annotated. We affirm.
 
 
 3
 In diversity cases, "attorney fees are determined by state law and are substantive for diversity purposes." In re King Resources Co., 651 F.2d 1349, 1353 (10th Cir.), cert. denied, 454 U.S. 881 (1981). "[T]he same law applies to the substance of the suit and to attorneys' fees, because attorneys' fees are part of the substance." R.L. Clark Drilling Contractors, Inc. v. Schramm, Inc., 835 F.2d 1306, 1309 (10th Cir.1987). In the instant case, although Texas law applied to the substance of the suit, Adams argues that the law of the forum state, Oklahoma, should apply to the award of attorney's fees.
 
 
 4
 We do not reach this issue because Adams failed to raise it before the district court. In its brief in opposition to Dr Pepper's motion for attorney's fees, Adams stated:
 
 
 5
 Arguments can be made that Texas law does not apply to the awarding of attorney fees to a prevailing party in this case, but since the only basis upon which Dr Pepper claims such right is Texas law, we will address ourselves to this point only and show that Texas law and Texas Statutes do not allow an award of attorney fees to Dr Pepper in this case even though it has been the prevailing party.
 
 
 6
 XIV R.Supp. at 1-2 (footnote omitted). Adams thus made a deliberate choice to rely on Texas law, and cannot now say that the district court erred in holding Adams to that choice. See R.L. Clark Drilling Contractors, Inc., 835 F.2d at 1308. Having waived the choice of law issue below, Adams cannot raise it on appeal. See Singleton v. Wulff, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.").
 
 
 7
 Turning to the actual award of attorney's fees in this case, which was brought under the federal declaratory judgments act, Dr Pepper can recover its fees if state law would permit it to do so. See Farmers Casualty Co. (Mutual) v. Green, 390 F.2d 188, 192 (10th Cir.1968); Titan Holdings Syndicate, Inc. v. City of Keene, 898 F.2d 265, 273-74 (1st Cir.1990). The Uniform Declaratory Judgments Act adopted by Texas provides that "[a] person interested under a ... written contract, or other writings constituting a contract ... may ... obtain a declaration of rights, status, or other legal relations thereunder." Tex.Civ.Prac. & Rem.Code Ann. Sec. 37.004. The act also provides that "[a] court of record within its jurisdiction has power to declare rights, status, and other legal relations whether or not further relief is or could be claimed," and that "[i]n any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just." Id. Secs. 37.003, 37.009.
 
 
 8
 Although Dr Pepper brought its action under the federal, rather than the Texas, declaratory judgments act, the action falls within the scope of the Texas act, which provides for the award of attorney's fees. See Titan Holdings Syndicate, Inc., 898 F.2d at 274. Under Texas law, "the grant or denial of attorney's fees in a declaratory judgment action lies within the discretion of the trial court, and its judgment will not be reversed on appeal absent a clear showing that it abused that discretion." Oake v. Collin County, 692 S.W.2d 454, 455 (Tex.1985) (ruling on former attorney's fee provision, Tex.Rev.Civ.Stat.Ann. art. 2524-1, Sec. 10 (Vernon Supp.1985)); Persons v. City of Fort Worth, 790 S.W.2d 865, 878 (Tex.Ct.App.1990) (same, ruling on Tex.Civ.Prac. & Rem.Code Ann. Sec. 37.009).
 
 
 9
 We conclude that under Texas law, the district court had the discretion to award Dr Pepper reasonable and necessary attorney's fees in this declaratory judgment action.[1] We further conclude that the district court did not abuse its discretion in awarding attorney's fees to Dr Pepper. See, e.g., Intertex, Inc. v. Cowden, 728 S.W.2d 813, 819-20 (Tex.Ct.App.1986) (fee award to defendants who obtained declaration that plaintiff had no right, title, or interest in subject real property within court's discretion); Contact Prods., Inc. v. Dixico, Inc., 672 S.W.2d 607, 610 (Tex.Ct.App.1984) (fee award to prevailing defendant within court's discretion even though plaintiff contended counterclaim for declaratory relief was unnecessary because it sought same relief as general denial of plaintiff's claim).
 
 
 10
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Because Texas law permits an award of fees in a declaratory judgment action under Secs. 37.004, 37.003, and 37.009 of the Texas Civil Practice and Remedies Code Annotated, we do not decide whether Sec. 38.001, which provides for an award of fees in an action for a written or oral contract, would also permit an award of fees in this case