43 F.3d 1482
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Brian BURNS, Plaintiff-Appellant Cross-Appellee,
v.
RICHFIELD SECURITIES, INC., et al., Defendants,
and
EMMETT A. LARKIN CO., INC., Defendant-Appellee Cross-Appellant.
OTRA SECURITIES GROUP, INC., a Delaware corporation, and
Otra Clearing, Inc., a Colorado corporation,
Counter-Claimants,
v.
Brian BURNS, individually and Brian D. Burns, D.C., P.C.
Retirement, a Utah corporation, Counterclaim-Defendants.
 Nos. 93-4216, 93-4217.
 United States Court of Appeals, Tenth Circuit.
 Dec. 19, 1994.
 
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 This diversity action, governed by Utah law, stems from plaintiff's unsuccessful attempt to purchase 1.5 million shares of U.S.A. Medical, Inc. stock at ten cents per share. Plaintiff sued defendant Emmett L. Larkin & Company, who acted as the clearing broker for the purchase, for breach of contract after defendant failed to deliver the stock on the settlement date, August 10, 1989. Following a bench trial, the district court held that defendant had breached its contractual and fiduciary duties owed to plaintiff, but that plaintiff had failed to prove that he had suffered any actual damages as a result. These cross appeals followed.[2]
 
 
 3
 In appeal No. 93-4217, defendant argues that the district court's determination that it breached its contractual and fiduciary duties must be reversed and the case remanded for a new trial because the trial court erroneously precluded defendant from asserting that it was not acting as plaintiff's agent during this transaction and that defendant did not have a contractual relationship with plaintiff. The pretrial order listed these as disputed issues to be resolved at trial. Immediately prior to trial, however, plaintiff argued, and the trial court agreed, that defendant's admissions in its answer that it was acting as plaintiff's agent and that there was a contractual relationship between these parties precluded defendant from attempting to establish the contrary at trial.
 
 
 4
 At the discretion of the district court, a pretrial order can always be amended, even at trial, in order to prevent manifest injustice. See R.L. Clark Drilling Contractors, Inc. v. Schramm, Inc., 835 F.2d 1306, 1308 (10th Cir.1987)(citing Fed.R.Civ.P. 16(e)). Although plaintiff did not formally make a motion to amend the pretrial order, his request that the court preclude defendant from litigating these issues was, in effect, such a request. See id. Upon review of the record and the parties' written arguments, we cannot conclude that the trial court abused its discretion in so amending the pretrial order.
 
 
 5
 In appeal No. 93-4216, plaintiff challenges the district court's factual determination that he failed to prove that he suffered actual damages as a result of defendant's breach. Plaintiff first argues that the district court applied the wrong measure of damages. In a diversity action, this court will review the trial court's legal determinations, such as the appropriate measure of damages, see Galindo v. Stoody Co., 793 F.2d 1502, 1516 (9th Cir.1986), de novo. Salve Regina College v. Russell, 499 U.S. 225, 231 (1991). Both parties agree that the district court correctly determined that the measure of damages in this case is the difference between the contract price and the market price of the stock on the settlement date. See Coombs & Co. of Ogden, Inc. v. Reed, 303 P.2d 1097, 1099 (Utah 1956). Plaintiff asserts, however, that in determining the market price, the district court improperly looked to the price at which plaintiff could have sold the stock, instead of the price for which he could have purchased the stock. The district court's decision, however, read in its entirety, does not so limit the concept of market price. The district court's isolated reference to the price at which the stocks could have been sold does not compel us to conclude that the trial court applied that definition of market price in making its determination on the issue of damages, particularly in light of the many other references to market price that the district court made in its decision and throughout the record. In light of the record and the parties' written arguments, therefore, we cannot conclude that the district court applied an erroneous measure of damages.
 
 
 6
 Plaintiff next challenges the district court's factual determination that he failed to prove actual damages, arguing instead that he presented sufficient evidence to establish that plaintiff, in order to purchase 1.5 million shares of USA Medical stock on the settlement date, would have had to pay at least twenty-five cents a share. Under Utah law, plaintiff bears the burden of proving damages resulting from breach of contract. See Mason v. Western Mortgage Loan Corp., 705 P.2d 1179, 1180 (Utah 1985).[3] "Whether [plaintiff] has successfully shouldered [his] burden of proof is a question of fact, which we review only for clear error." United States v. Jones, 31 F.3d 1304, 1316 (4th Cir.1994); see Connaghan v. Maxus Exploration Co., 5 F.3d 1363, 1365 (10th Cir.1993)(district court's determination that plaintiff suffered no actual damages is finding of fact reviewed under clearly erroneous standard); see generally Mid-America Pipeline Co. v. Lario Enters., Inc., 942 F.2d 1519, 1524 (10th Cir.1991)(in diversity action, federal appellate court uses "normal federal standards of appellate review to examine the district court's decision process").
 
 
 7
 However, "[w]hen a trial transcript is not designated as part of the record on appeal, an appellate court cannot review the district court's factual findings and must accept them as correct." Trujillo v. Grand Junction Regional Ctr., 928 F.2d 973, 976 (10th Cir.1991); see generally Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985)(" '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed' ")(quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948))(emphasis added). "Moreover, 'it is counsel's responsibility to see that the record excerpts are sufficient for consideration and determination of the issues on appeal and the court is under no obligation to remedy any failure of counsel to fulfill that responsibility.' " Deines v. Vermeer Mfg. Co., 969 F.2d 977, 979 (10th Cir.1992)(quoting General Order, 10th Cir., October 25, 1990, p. 5).
 
 
 8
 While plaintiff did include in his appendix excerpts from the trial transcript, those excerpts are only sporadic and isolated passages from the trial testimony. They are insufficient to enable this court to review the district court's findings of fact. "[I]f ... an appellant intends to urge 'that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion.' " Green v. Johnson, 977 F.2d 1383, 1387 (10th Cir.1992)(quoting Fed. R.App. P. 10(b)(2)). We must, therefore, accept as correct the trial court's factual determination that plaintiff failed to prove that he suffered any actual damages.
 
 
 9
 In further support of his challenge to the trial court's damages determination, plaintiff argues that the district court erred when it disregarded uncontradicted and unimpeached evidence concerning the market price of the stock on the settlement date. This argument further accentuates the problem with the lack of a trial transcript. For example, plaintiff, on appeal, relies upon the deposition testimony of John Aldred that he sold 40,000 shares of USA Medical stock on August 12, 1989, at a price of twenty-five cents a share. Plaintiff asserts that that testimony was uncontradicted and unimpeached. The district court specifically addressed this evidence, noting it was "the most convincing of any testimony in the record relating to the value of the stock in early August 1989," but found that that evidence was still not sufficient to enable the court "to find therefrom based upon the preponderance of the evidence that the market price of 1.5 million shares was more than ten cents a share at that time." District Court's July 29, 1989 Letter at 5. Without a complete transcript, however, it is not possible to determine whether this evidence was uncontradicted and unimpeached and to weigh the testimony presented to determine a preponderance of the evidence.
 
 
 10
 Lastly, plaintiff argues that the district court erred in denying his motion to reopen the case for the identification and admission of defendant's exhibit fifteen. Upon our review of the record provided and the parties' written arguments, we cannot conclude that the district court abused its discretion in refusing to reopen the case to admit this evidence. See Joseph v. Terminix Int'l Co., 17 F.3d 1282, 1285 (10th Cir.1994).
 
 
 11
 The judgment of the United States District Court for the District of Utah is AFFIRMED. Defendant's request for attorneys' fees and costs, based upon its assertion that plaintiff's appeal in No. 93-4216 is frivolous, see Defendant's Br. at 7, is DENIED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 All of the issues involving the other parties to this action had been resolved prior to this trial
 
 
 [3]
 Plaintiff's argument on appeal that the record does not contain evidence that the market price on the settlement date was less than ten cents per share or that the record does not contain evidence to support the district court's determination that he did not suffer any damages, misapprehends this burden