F I L E D
United States Court of Appeals
Tenth Circuit

SEP 3 1999

# UNITED STATES COURT OF APPEALS

PATRICK FISHER
Clerk

# TENTH CIRCUIT

OWEN J. PEPE, JR. and KATHERINE
S. HOLDEN,

      Plaintiff-Appellants,

v.

PAUL KORENY and MARGARET
KORENY, individually and doing
business as Cawthon Motel &
Campground,

      Defendants-Appellees.

No. 99-1063
(D.C. No. 98-N-746)
(Colorado)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Owen J. Pepe, Jr., and Katherine S. Holden, plaintiffs, brought two separate suits against defendants Paul Koreny and Margaret Koreny. Mr. Pepe and Ms. Holden asserted claims for failure to pay minimum wage for all hours worked in violation of the Fair Labor Standards Act, 29 U.S.C.A. §§ 201-19 (1998) (FLSA) and Colo. Rev. Stat, § 8-6-118 (1998). Plaintiffs also alleged a common-law claim for breach of contract for failing to pay Mr. Pepe a commission on the sale of real estate. At trial, the district court found in favor of defendants on the FLSA claim and dismissed it with prejudice. The district court also granted summary judgment for defendants on the contract claim. On appeal, plaintiffs challenge the trial court's rulings on their substantive claims and raise several procedural errors.

## I. Labor claim

The Korenys owned and operated the Cawthon Motel & Campground in Las Animas, Colorado, where Mr. Pepe was employed as a manager and Ms. Holden as a housekeeper. Mr. Pepe was responsible for daily tasks such as signing in guests, mowing the lawn and shoveling snow. Ms. Holden primarily cleaned the motel rooms. They alleged that each worked over 98 hours per week without compensation for overtime. After hearing testimony and examining the evidence, the district court found the claim of hours worked to be "absurd." Rec., supp. vol. I, at 151. Moreover, the court described Mr. Pepe's and Ms. Holden's testimonies to be evasive and incredible. *Id.* at 151-52. On those grounds, the district court found in favor of the Korenys.

-2-

On appeal, Mr. Pepe and Ms. Holden argue error.  However, the record on appeal does not contain any of the trial transcript other than the district court's ruling.  When an appellant challenges a trial court's fact findings but fails to include a transcript of all the relevant evidence, we cannot review the lower courts' findings and must accept them as true.  *Trujillo v. Grand Junction Reg'l Ctr.*, 928 F.2d 973, 976 (10th Cir. 1991).  Because plaintiffs did not file a trial transcript as part of the record on appeal, they have waived any claim that the trial court's ruling was unsupported by or contrary to the evidence.  *See Deines v. Vermeer Mfg. Co.*, 969 F.2d 977 (10th Cir. 1992).  Accordingly, we affirm the district court's disposition of the FLSA claims.

## II. Contract claim

Mr. Pepe also alleged he had a contract with the Korenys to help procure a buyer for the motel in exchange for a commission.  Upon sale of the motel, however, the Korenys refused to honor the contract.  Relying on Colorado law, the district court granted summary judgment in favor of the Korenys.  Mr. Pepe contends that since he was due a commission for the sale of the motel, the district court erred in granting summary judgment against him.

Under Colorado law, a person who is not a licensed real estate broker may not act in that capacity, *see* Colo. Rev. Stat. 12-61-102 (1998), and may not collect a commission as a sales agent for real property, *see Manufacturer's Nat'l Bank v.*

-3-

*Hartmeister*, 411 F.2d 173, 176 (10th Cir. 1969).  Mr. Pepe admitted he was not licensed, and his actions indisputably fall within the conduct described by state law as requiring a license, *see* Colo. Rev. Stat. § 12-61-101(2) (1998).  Since the Colorado law is dispositive, no genuine issue remains.  We affirm summary judgment for the Korenys.

### III. Procedural claims

Mr. Pepe and Ms. Holden also assert procedural errors.  The record indicates on August 28, 1998, their first lawyer moved to withdraw for failure to be paid fees, which Mr. Pepe and Ms. Holden did not oppose.  The pretrial conference was scheduled for two months later, October 25, 1998.  On October 22, they filed for an extension of time in order to secure counsel, which was denied.  They eventually obtained counsel on December 14, and proceeded to trial four weeks later on January 11, 1999.

Mr. Pepe and Ms. Holden now argue that the district court improperly granted their first attorney leave to withdraw, erred in denying their motions for extensions of time, and erred in approving a final pretrial order despite the fact they had no counsel at the time.

"District courts generally are afforded great discretion regarding trial procedure applications (including control of the docket and parties), and their decisions are reviewed only for abuse of discretion."  *United States v. Nicholson*,

983 F.2d 983, 988 (10th Cir. 1993). The inherent authority of a district court to manage its docket includes discretion to grant or deny continuances or extensions of time. *See Biby v. Kansas City Life Ins. Co.*, 629 F.2d 1289, 1293 (8th Cir.1980); *United States v. Waldman*, 579 F.2d 649, 653 (1st Cir. 1978). Pretrial orders are also clearly part of judicial management reviewed for abuse of discretion, *see R.L. Clark Drilling Contractors, Inc. v. Schramm, Inc.*, 835 F.2d 1306, 1308 (10th Cir. 1987), as is the grant of a motion of counsel to withdraw for cause.

In the instant case, it was within the court's discretion to grant counsel's uncontested motion in a civil case to withdraw for failure to receive payment. It was also within the court's discretion to deny an extension of time when Mr. Pepe and Ms. Holden offered no reason why two months was inadequate for them to secure counsel for the pretrial conference. Finally, the district court's acceptance of the pretrial order was within its discretion when, as here, the plaintiffs did not show good cause for delaying the order. We conclude the district court did not abuse its discretion.

We **AFFIRM** the judgment of the district court.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

-5-