ESTATE OF MARK WILLIAM HOLTON, by and through Amada Holton as Administrator of the Estate; Amada Holton, Plaintiffs—Appellees,

v.

Cal A. TERHUNE, Director of the California Department of Corrections; Susann Steinberg, MD, Assistant Deputy Director for Health Care Services; Gandhi, MD; Steve Mayber, Director of California Department of Mental Health; Stephen Mark Holton, Defendants,

and

John W. Shellcroft, III, MD Defendant—Appellant.

No. 01–15388.

D.C. No. CV–99–00889–LKK(PAN).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 2002.

Decided May 3, 2002.

Before SCHROEDER, Chief Judge, B. FLETCHER and KOZINSKI, Circuit Judges.

### MEMORANDUM *

Dr. John Shellcroft appeals a jury's determination that he acted with deliberate indifference in his treatment of California Medical Facility prisoner Mark Holton. The jury's verdict awarded damages for Dr. Shellcroft's violation of Holton's Eighth Amendment rights and for the violation of the substantive due process rights of Amada Holton, Mark Holton's mother, guaranteed by the Fourteenth Amendment. The jury also awarded damages for a pendent medical malpractice claim arising under California law.

Dr. Shellcroft appeals, arguing that the district court improperly instructed the jury on the standard for deliberate indifference. He further maintains that the jury, if properly instructed, could not rea-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

sonably have found him liable. He also contends that Amada Holton should not have been permitted to amend the pretrial order to add her Fourteenth Amendment claim. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm the district court judgment in its entirety.

Because the parties are familiar with the facts of this case, we recite them only as necessary.

## I. Jury Instructions

"Jury instructions must be formulated so that they fairly and adequately cover the issues presented, correctly state the law, and are not misleading." *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir.1996). Because the district court has substantial latitude in tailoring jury instructions, we review the formulation of those instructions for abuse of discretion. *See Kendall–Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1046 (9th Cir. 1998). However, where, as here, the instructions are challenged as a misstatement of the law, we review them de novo. *Mockler v. Multnomah County*, 140 F.3d 808, 812 (9th Cir.1998).

The Supreme Court articulated the appropriate tests for deliberate indifference in Eighth Amendment cases in *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). In *Farmer*, the Court held that a deliberate indifference claim fails unless the defendant had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970. Specifically, Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety." *Id.* at 835, 114 S.Ct. 1970 (quoting *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)). The requisite state of mind lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other." *Id.* at 836, 114

S.Ct. 1970. It is the equivalent of recklessly disregarding a substantial risk of serious harm to the inmate. *Id.*

The Supreme Court clarified that the plaintiff in an Eighth Amendment action must show consciousness of risk on the part of the defendant. *Id.* at 840, 114 S.Ct. 1970. The Court also made clear that the plaintiff need not show that the defendant acted or failed to act believing that harm actually would befall the inmate; it is sufficient that the official acted or failed to act despite the official's knowledge of the substantial risk of serious harm. *Id.* at 842, 114 S.Ct. 1970.

■ Dr. Shellcroft maintains that the district court's instructions to the jury imposed only a negligence standard in contravention of *Farmer*. He is incorrect. The instructions state—as *Farmer* instructs—that the jury must find that Dr. Shellcroft behaved recklessly despite his knowledge of the risks Holton faced:

> It is not enough under the Eighth Amendment that the defendant was negligent, rather plaintiff has the burden of proving deliberate indifference. Deliberate indifference to the rights of others is the conscious or reckless disregard of the consequences of one's acts or omissions.

Jury instructions are to be considered as a whole. *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir.2001). Taken as a whole, the district court's instructions properly instructed the jury on the requisite mental state required to establish deliberate indifference.

## II. Rule 50(b) Motion

We review de novo the district court's denial of a renewed motion for judgment as a matter of law. *Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1226 (9th Cir.2001). Judgment as a matter of law is proper if the evidence, con-

strued in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict. *McLean v. Runyon,* 222 F.3d 1150, 1153 (9th Cir. 2000).

■ Appellant's arguments stem primarily from his jury instruction argument, which itself stems from his misreading of *Farmer.* Here again, Dr. Shellcroft misconstrues the mental state appellees had to show to establish deliberate indifference. While it is true that appellees bore the burden of demonstrating that Dr. Shellcroft knew that Mark Holton was at a serious risk of harm—something the appellant does not dispute—they did not have to show that Dr. Shellcroft knew he was mistreating his patient. Instead, applying the criminal recklessness standard for deliberate indifference articulated in *Farmer,* Amada Holton and Mark Holton's estate had to show only that, knowing his patient was at a serious risk of harm, Dr. Shellcroft behaved recklessly.

Dr. Shellcroft stresses that he did provide some care—for example, by prescribing antibiotics and Tylenol—and that he never refused a request to go see his patient. Dr. Shellcroft also points out the various constraints on his time and the many factors that made attending Mark Holton difficult. While each of these challenges might well have plagued Dr. Shellcroft that day, it was not irrational for a jury to conclude that he behaved recklessly when he did not so much as visit his patient in nearly eight hours, failed to transfer him to an ICU despite evidence of kidney failure and the sustained presence of a life-threatening fever, and did not prescribe more aggressive treatment in light of the life-threatening fever caused by Neuroleptic Malignant Syndrome, a condition Dr. Shellcroft knew itself to be life-threatening.

### III. Pre–Trial Order Amendment

"The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order on issues of law and fact at trial will not be disturbed unless they evidence a clear abuse of discretion." *Miller v. Safeco Title Ins. Co.,* 758 F.2d 364, 369 (9th Cir. 1985).

Dr. Shellcroft argues that the district court abused its discretion when it permitted the addition of Amada Holton's Fourteenth Amendment claim after the pretrial order had been entered. Under Rule 16, the pretrial order shall be modified "only to prevent manifest injustice." Fed. R.Civ.P. 16(e). The pretrial order is not, however, "an inexorable decree." *Mechmetals Corp. v. Telex Computer Prods., Inc.,* 709 F.2d 1287, 1294 (9th Cir. 1983).

"The district court should consider four factors in determining whether to modify the parties' pretrial order: (1) the degree of prejudice or surprise to the defendants if the order is modified; (2) the ability of the defendants to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party seeking the modification." *Byrd v. Guess,* 137 F.3d 1126, 1132 (9th Cir.1998) (citing *United States v. First Nat'l Bank of Circle,* 652 F.2d 882, 887 (9th Cir.1981)). The moving party must show that a review of these factors warrants a conclusion that manifest injustice would result if the pretrial order is not modified. *Id.* (citing *R.L. Clark Drilling Contractors, Inc. v. Schramm, Inc.,* 835 F.2d 1306, 1308 (10th Cir.1987)).

■ Dr. Shellcroft argues that Amada Holton ambushed the defendants at trial

by adding an eleventh hour claim. In explaining why it permitted the amendment, the district court stressed the lack of any willfulness on Amada Holton's part and the lack of any prejudice to the defendant. The district court was particularly persuaded by the fact that there was no evidence relevant to Amada Holton's substantive due process claim that did not also pertain to the two claims contained in the pretrial order. As the district court noted, Amada Holton's Fourteenth Amendment claim required the same demonstration of deliberate indifference as the Estate of Mark Holton's Eighth Amendment claim.

Dr. Shellcroft was not ambushed.[1] There was ample evidence that Amada Holton intended all along to bring a Fourteenth Amendment substantive due process claim in her individual capacity. The first page of the complaint in this matter states:

> This action seeks recovery for both the damages sustained by Mark Holton personally, based on his rights under the Eighth Amendment to the U.S. Constitution and the law of the State of California, and those sustained by this mother, Amada Holton, based on her rights under the Fourteenth Amendment of the U.S. Constitution, and the law of the State of California, for the wrongful death of her son. Amada Holton brings this action individually and in her capacity as administrator of the Estate of Mr. Holton.

In the first cause of action, raised under 42 U.S.C. § 1983, the complaint alleged violations of Holton's Eighth Amendment rights and, "as a further direct and proximate result of the Defendants' conduct as herein alleged, Amada Holton suffered the loss of the love, care and companionship of her son." Defendants were well aware that Amada Holton did not have an independent action under the Eighth Amendment, and that any claim she might raise on her own behalf under § 1983 would derive from her Fourteenth Amendment substantive due process rights. The same is true with respect to the second cause of action, also brought under § 1983. In their trial brief, appellees also made clear their intent to claim damages on behalf of Amada Holton for her loss of love, care, and companionship of her son—the same language used with respect to the § 1983 claims in the original complaint. In describing the available damages, Amada Holton's attorneys noted in their trial brief that, "[w]hile recovery for medical malpractice in this case would be subject to the $250,000 MICRA cap, there is no such limitation on the tort of failure to summon medical care and certainly no limitation on the civil rights claims."

The district court considered the factors discussed in *Byrd v. Guess* and it is implicit in its ruling that Amada Holton had sustained her burden of proving that manifest injustice would result if the pretrial order amendment was not allowed. The district court did not abuse its discretion by granting her request.

## IV.   Attorneys' Fees

Attorneys' fees awarded pursuant to 42 U.S.C. § 1988 are reviewed for an abuse of discretion. *Bouman v. Block*, 940 F.2d 1211, 1235 (9th Cir.1991). Amada Holton and the Estate of Mark Holton were both prevailing parties in their § 1983 claims. The district court did not abuse its discretion when it granted attorneys' fees.

---

1. At argument the parties conceded that the pretrial order was dictated by the district court in the presence of the lawyers. In all likelihood the omission of the Fourteenth Amendment claim was simply an oversight.

The judgment of the district court is AFFIRMED.